JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID B. DOWNS and MARGARET A. DOWNS, H/W

## DEFENDANTS
BOROUGH OF JENKINTOWN, SEAN KILKENNY, DEBORRA PANCOE, RICHARD BUNKER and GEORGE LOVCKE

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of William J. Fox, PC
1626 Pine Street
Philadelphia, PA 19103    (215) 546-2477

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 10/22/18

SIGNATURE OF ATTORNEY OF RECORD
W. Fox

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18　4529**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _301 Runnymede Ave., Jenkintown, PA 19046_

Address of Defendant: _200 Summit Ave., Jenkintown, PA 19046_

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10-23-18_   _W J Fox_   _69898_
               *Attorney-at-Law / Pro Se Plaintiff*   *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _William J. Fox_, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: _10-23-18_   _W J Fox_   _69898_
            *Attorney-at-Law / Pro Se Plaintiff*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

OCT 23 2018

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID B. DOWNS & MARGARET A. DOWNS, H/W | : | CIVIL ACTION |
| v. | : | |
| BOROUGH OF JENKINTOWN, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 10-22-18 | William J. Fox | /s/ W. J. Fox |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-546-2477 | 215-546-4698 | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. DOWNS & MARGARET A. DOWNS, H/W<br>301 Runnymede Avenue<br>Jenkintown, PA 19046<br>   Plaintiffs<br><br>  v.<br><br>BOROUGH OF JENKINTOWN<br>700 Summit Avenue<br>Jenkintown, PA 19046<br>and,<br><br>SEAN KILKENNY<br>700 Summit Avenue<br>Jenkintown, PA 19046<br>and,<br><br>DEBORRA PANCOE<br>700 Summit Avenue<br>Jenkintown, PA 19046<br>and,<br><br>RICHARD BUNKER<br>700 Summit Avenue<br>Jenkintown, PA 19046<br>and,<br><br>GEORGE LOCKE<br>700 Summit Avenue<br>Jenkintown, PA 19046<br>   Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

1. This is a civil action seeking equitable relief and money damages against Defendants for committing acts, under color of law, which deprived Plaintiffs of their rights secured under

1

the First and Fourteenth Amendments of Constitution and laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to harm Plaintiffs; and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

2. The Court has jurisdiction of this action under 42 U.S. C. § 1983, 1988 and 28 U.S.C. §§ 1331, 1343 and 1367. The Court has jurisdiction over Plaintiffs' state law claims pursuant to the doctrine of supplemental jurisdiction.

3. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff and Defendants reside in Eastern Pennsylvania conduct business, have significant contacts in Pennsylvania and are subject to personal jurisdiction in Pennsylvania.

4. Plaintiffs, David B. Downs and Margaret A. Downs, h/w, are citizens and residents of Jenkintown, Pennsylvania and the United States of America.

5. Defendant, Borough of Jenkintown, is a local government entity/municipality and is an agent of the Commonwealth of Pennsylvania with offices located in Jenkintown, Pennsylvania.

6. Defendant, Sean Kilkenny, resides in Jenkintown, is the Solicitor to Jenkintown Borough, licensed to practice law in the Commonwealth of Pennsylvania. Defendant Kilkenny is also the Sheriff of Montgomery County and is a leader of the Jenkintown Democratic Party.

7. Defendant, Deborra Pancoe, resides in Jenkintown, is the President of Jenkintown Borough Council. Defendant Pancoe is also a leader of the Jenkintown Democratic Party.

8. Defendant, Richard Bunker, resides in Jenkintown, is the Vice-President of Jenkintown Borough Council. Defendant Bunker is also a leader of the Jenkintown Democratic

Party.

9. Defendant, George Locke, is the Borough Manager of Jenkintown Borough.

10. Plaintiff sues each and all Defendants in their individual and official capacities.

11. At all times material to this Complaint, Defendants, Kilkenny, Pancoe, Bunker and Locke acted under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, Montgomery County and Jenkintown Borough.

12. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiffs from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

13. Defendants engaged in multiple corrupt actions, conspired with one another against Plaintiffs and, after Plaintiff, Margaret A. Downs, exercised her First Amendment Rights to participate as a candidate and run for election for the public office of Mayor of Jenkintown Borough, Defendants used the Jenkintown Borough Zoning Code as a weapon to retaliate against Plaintiffs by falsely accusing them of operating an impact business, in violation of the Jenkintown Zoning Code, out of their residence and further trumping up evidence Defendants knew was false for the sole purpose to harass, intimidate, punish, embarrass and humiliate Plaintiffs and to cause great economic harm to Plaintiffs by forcing them to undergo the expense of appealing trumped-up zoning violations.

## KEY FACTS

14. In August of 2016, Joseph Glass, began renting the property adjacent to Plaintiffs' residence at 303 Runnymede Avenue, Jenkintown, PA 19046 and operating a concrete/cement

3

finishing business out of said property. At all times relevant, said property was owned by Francis V. Reiley.

15. The property at 303 Runnymede Avenue was zoned as residential. The operation of a concrete business out of this residential dwelling by Mr. Glass violated Jenkintown Borough's Zoning Code. The operation of the business was a nuisance and disruptive to residents that lived adjacent to and nearby 303 Runnymede Avenue.

16. In or around August of 2016 and thereafter, Plaintiffs and other residents that live near 303 Runnymede made multiple complaints about the illegal operation of the concrete business to Defendant Locke. The other Defendants were also notified of these complaints on several occasions.

17. Over the next 14 months, Defendant Locke would consult with and rely upon the advice provided by Defendants Kilkenny, Pancoe and Bunker.

18. On September 1, 2016, Jenkintown Borough issued a code violation to Mr. Glass for violating the Borough Zoning Code prohibiting the operation of an impact business at that location. Subsequently, a Citation was issued to Mr. Glass in November of 2016.

19. Tensions ensued over the next 14 months between Mr. Glass and residents of Jenkintown and Plaintiffs regarding his operation of his concrete business at 303 Runnymede Avenue. In 2016 and 2017, Mr. Glass engaged in multiple criminal acts against Plaintiffs and, as a result, was prosecuted and pled guilty to committing criminal acts.

20. During this same time-frame, Plaintiffs and other Jenkintown residents made multiple complaints to Defendants and other employees and officials of Jenkintown Borough with regard to Mr. Glass' ongoing illegal operation of a concrete business at 303 Runnymede

Avenue.

21. Though Mr. Glass acted with impunity by openly operating his business in violation of Jenkintown's Zoning Code, Defendants and other Borough officials failed to take effective measures in stopping the ongoing violations. Instead of administering their duties as Borough Officials and Employees, Defendants dismissed the matter as a "neighborly dispute." However, it was not a neighborly dispute. It was an illegal and disruptive operation, and continues to be, a concrete business.

22. Plaintiffs and many other residents of Jenkintown were frustrated and grew weary of the failure of Defendants and other Borough officials to stop Mr. Glass from violating the Jenkintown Zoning Code and operating a business that constituted a nuisance.

23. In September of 2017, due to the dissatisfaction with the Defendants and other elected officials of the Jenkintown Borough, Plaintiff, Margaret A. Downs, decided to exercise her franchise and run, as a write-in candidate, for the public office of Mayor of Jenkintown Borough. Ms. Downs was a registered Democrat.

24. Though Plaintiff had substantial support from resident-voters of Jenkintown Borough, she did not have the support of the Jenkintown Democratic Party leadership, which included Defendants Kilkenny, Pancoe and Bunker.

25. In the primary held in the Spring of 2017, Defendants and the Jenkintown Democratic Party nominated and endorsed Allyson Dobbs who ran unopposed as the Democratic candidate in the primary. At the time of the general election, Ms. Dobbs had no opposition from the Republican Party.

26. Defendants Kilkenny, Pancoe, Bunker and Locke were angry at Ms. Downs for

running as a write-in candidate against their endorsed candidate, Allyson Dobbs.

27. The election for Mayor of Jenkintown Borough took place on November 7, 2017. Even though Ms. Downs obtained approximately 35% of the vote as a write-in candidate, the election was won by Ms. Dobbs.

28. At all times relevant, Defendants frowned upon Plaintiff's run for office, criticized and retaliated against Jenkintown residents that supported Plaintiff and harbored resentment and anger toward Plaintiff.

29. One month after the election, December 7, 2017, Defendants conspired to retaliate against Plaintiff by trumping up false evidence, including suborning perjured testimony from witnesses, and falsely alleging that Plaintiffs were operating an impact business from their home on 301 Runnymede Avenue in violation of the Jenkintown Borough Zoning Code.

30. At all times, Plaintiffs maintained that they did not operate any business at their home and directly communicated this fact to Defendants Kilkenny, Locke, Pancoe and Bunker.

31. At all times relevant, Defendants knew that Plaintiffs did not operate a business out of their home. Despite knowing this fact, Defendants still charged Plaintiffs with violating the Jenkintown Zoning Code.

32. At all times relevant, Defendants were obliged to but failed to procure some reasonable evidence of the alleged code violation against Plaintiffs. However, Defendants did nothing to investigate and obtain evidence of the alleged violation because they knew that Plaintiffs did not operate a business out of their home.

33. The only purpose of their actions was to punish Plaintiffs for exercising their First Amendment Rights:

  a. to speak out at Council Borough meetings regarding the aforesaid zoning code violations of Mr. Glass;

  b. regarding Ms. Downs' rights to campaign and run for political office within the Borough against the endorsed candidate of the political party in power; and,

  c. regarding Mr. Downs' rights to support Ms. Downs' candidacy and to campaign on behalf of her candidacy for the Mayor of Borough of Jenkintown.

  34. Defendants prosecuted the trumped-up violation against Plaintiffs to the honorable District Justice Elizabeth McHugh. After Judge McHugh dismissed the case against Plaintiffs, Defendants further conspired to trump up false code violation against Plaintiffs so as to force Plaintiffs to undergo the considerable legal expense of appealing the trumped-up code violation to the Jenkintown Borough Zoning Board.

  35. Plaintiffs were placed in the untenable position of having to appeal the violation and incur great legal expense.

  36. In May, June and July of 2018, three separate hearings were held before the Jenkintown Borough Zoning Board. On the first two days of the hearings, Defendants presented trumped-up, false, weak and frivolous evidence to the Board. On the third day, Plaintiffs presented their evidence.

  37. After Plaintiffs rested, the Board retired to deliberate for a very short period of time. When the Board returned, they announced their decision 5 - 0 in favor of Plaintiffs.

## COUNT I - SECTION 1983 - FIRST AMENDMENT

  38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 of this Complaint as though same were fully set forth at length herein.

39. At all times relevant, Defendants retaliated against Plaintiffs because Ms. Downs exercised her First Amendment Rights to freedom of speech by running for public office, and because Plaintiffs spoke out with regard to issues that concern the public, including issues regarding unlawful practices, policies and customs of the Jenkintown Borough.

40. As a direct and proximate result of the acts and omissions of Defendants herein described, the Plaintiffs were caused to suffer economic harm, other money damages, were caused mental emotional pain, anguish and suffering, and had been chilled in their exercise of their rights to freedom of speech and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and, in addition, have suffered the loss of all the Constitutional rights described herein.

41. In the manner described herein, Defendants acted with reckless disregard of Plaintiff's Constitutional rights.

42. Defendants knew or should have known that their actions would or probably would inflict great economic distress and pain and suffering upon Plaintiffs.

43. At all times relevant, Defendant, Borough of Jenkintown, failed to train, discipline and/or supervise the actions of the Defendants Kilkenny, Pancoe, Bunker and Locke.

44. In the manner described herein, Defendants have deprived Plaintiffs of their rights to freedom of speech and due process of the law. All of these rights are secured to Plaintiff by provisions of the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

45. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages

against the individual Defendants is necessary and appropriate.

## COUNT II - ABUSE OF PROCESS (STATE LAW CLAIM)

46. Plaintiffs hereby incorporate by reference paragraphs 1 through 45 of this Complaint as though same were fully set forth at length herein.

47. As a result of the Defendants' conduct as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges.

48. Defendants' conduct in bringing the aforesaid false claims against Plaintiffs was reckless, intentional, without valid legal basis, done to annoy, harm and harass Plaintiffs and constitutes an abuse of process.

49. As a result of all of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

50. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

## COUNT III - CONSPIRACY (State Law)

51. Plaintiffs hereby incorporate by reference paragraphs 1 through 50 of this Complaint as though same were fully set forth at length herein.

52. As a result of all of Defendants' conduct as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges. All of Defendants conspired and engaged in a conspiracy to bring the aforesaid false claims against Plaintiffs.

9

53. The conduct of all of Defendants, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and reckless disregard for the truth.

54. As a result of all of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

55. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, as follows:

A)   Awarding economic and compensatory damages under 42 U.S.C. ¶ 1983, et seq.;

B)   Awarding interest calculated at the prevailing rate;

C)   Awarding reasonable attorney's fees, and other costs of the action pursuant to the Section 1983;

D).  Awarding damages for pain and suffering under Section 1983;

E).  Awarding punitive damages as to individual Defendants; and,

F)   Awarding such other relief as this Court shall consider to be fair and equitable.

_____
WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiffs
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Date: October 22, 2018

10