## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. DOWNS; MARGARET A. DOWNS, H/W | : | |
| Plaintiffs | : | Civil Action No.  18-4529 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF JENKINGTOWN, SEAN KILKENNY, DEBORA PANCOE, RICHARD BUNKER, GEORGE LOCKE | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of the Motion to Dismiss filed by Defendants, Borough of Jenkintown, Sean Kilkenny, Debora Pancoe, Richard Bunker and George Locke, and any response in opposition thereto, it is **ORDERED** that said Motion to Dismiss is hereby **GRANTED** and all claims against Defendants are hereby **DISMISSED** with prejudice.

By the Court:

_____

**JAN E. DUBOIS, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. DOWNS; MARGARET A. DOWNS, H/W | : | Civil Action No.  18-4529 |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| BOROUGH OF JENKINGTOWN, SEAN | : | JURY TRIAL DEMANDED |
| KILKENNY, DEBORA PANCOE, RICHARD | : | |
| BUNKER, GEORGE LOCKE | : | |
|     Defendants | | |

## MOTION TO DISMISS OF DEFENDANTS, BOROUGH OF JENKINTOWN, SEAN KILKENNY, DEBORA PANCOE, RICHARD BUNKER AND GEORGE LOCKE

Moving Defendants, Borough of Jenkintown, Sean Kilkenny, Debora Pancoe, Richard

Bunker and George Locke, by and through their attorneys, HOLSTEN & ASSOCIATES, and

Suzanne McDonough, Esq., hereby move this Court to dismiss Plaintiffs claims in the Complaint in

their entirety and in support thereof assert the following:

For the reasons that follow in the Memorandum of Law, attached hereto and incorporated

herein by reference, the moving Defendants respectfully request that the Motion to Dismiss be

granted under Rule 12(b)(6) and the proposed Order entered or such alternative relief be granted

under Rule 12 (e) as the Court deems appropriate.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**
**BY:**    __SMM2371_____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No.  29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for moving Defendants** Borough of Jenkintown,
Sean Kilkenny, Debora Pancoe, Richard Bunker and
George Locke

Dated: November 26, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. DOWNS; MARGARET A. DOWNS, H/W | : | Civil Action No.  18-4529 |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| BOROUGH OF JENKINGTOWN, SEAN | : | JURY TRIAL DEMANDED |
| KILKENNY, DEBORA PANCOE, RICHARD | : | |
| BUNKER, GEORGE LOCKE | : | |
|     Defendants | | |

## DEFENDANTS BOROUGH OF JENKINTOW, SEAN KILKENNY, DEBORA PANCOE, RICHARD BUNKER AND GEORGE LOCKE'S  MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO DISMISS

Defendants, Borough of Jenkintown, Sean Kilkenny, Debora Pancoe, Richard Bunker and

George Locke, by and through their attorneys, HOLSTEN & ASSOCIATES, hereby file this

Memorandum of Law in support of their Motion to Dismiss pursuant to Rule 12 (b) (6) and 12 ( e) of

the Federal Rules of Civil Procedure, as follows:

## I.    FACTUAL BACKGROUND

The Complaint at issue was filed on October 23, 2018 and is attached hereto as Exhibit "A."

Plaintiffs are David B. Downs and Margaret A. Downs, residential property owners in Jenkintown,

Pennsylvania, who contend that an unsuccessful attempt by the Borough to enforce a Borough

Zoning Code that prohibited the operation of an impact business in a residential area was actually in

violation of their First Amendment rights, arose from a conspiracy and was an abuse of process.

Named as Defendants are the Borough, its Solicitor, Sean Kilkenny, the President of Council,

Debora Pancoe, the Vice President of Council, Richard Bunker and the Borough Manager, George

Locke.  Plaintiffs allege that they were targeted by the individual Borough actors in retaliation for

their exercise of the Plaintiffs federal First Amendment Rights because Margaret Downs ran for Mayor of the Borough with campaign support from her Plaintiff-husband against an endorsed candidate, that she and her husband otherwise petitioned the Borough on various issues culminating in the individual Defendants' anger against them resulting in a zoning code violation being issued. Relief is demanded against the individual Defendants in their official and individual capacities and punitive damages are demanded from the individual Defendants.  Plaintiffs assert a municipal liability claim against the Borough on the basis that the Borough failed to train, supervise and discipline the individual Council members, Solicitor and Borough Manager.

Historically, Plaintiffs relate that in August of 2016, a non-party, Joseph Glass, rented a property adjacent to Plaintiffs' residence and operated a concrete/cement business from that property. (A. ¶14.)  The property was zoned as residential and the Zoning Code of the Borough did not permit such a use. (A.¶ 15.)   Plaintiffs and other residents protested the use, and ultimately by September of 2016, a violation notice was issued to Glass for operating an impact business at the location. (A.¶ 16,18.)  Plaintiffs allege that thereafter, Township Manager, Locke, would rely on advice provided by Solicitor Kilkenny, Council President Pancoe and Vice Council President Bunker. (A.¶ 17.) According to Plaintiffs, tensions were high between Glass and Plaintiffs, and Glass was ultimately prosecuted and pled guilty to criminal acts against Plaintiffs. (A.¶19.)  Plaintiffs claim that the Borough did not provide them with relief concerning Glass' ongoing illegal operation of the business, and that it remains in operation as a concrete business.  (A.¶20-21.)

In September of 2017, Plaintiff, Margaret Downs, ran as a write-in candidate for Mayor and had substantial support from residents but not from the Jenkintown Democratic Party leadership said to be Solicitor Kilkenny, Council President Pancoe and Council Vice President, Bunker. (A.¶ 23-24.)

2

In the Spring of 2017 primary, the Democratic party endorsed Allyson Dobb, and at the general election on November 7, 2017, Plaintiff was able to garner 35% of the vote. (A. ¶25,27.) Plaintiffs assert that Kilkenny, Pancoe, Bunker and Locke were angry because Downs ran for Mayor against the endorsed candidate. (A.¶ 26.) Plaintiffs allege that Defendants criticized and retaliated against residents who supported Plaintiff and harbored resentment and anger toward her. (A.¶ 28.)     On December 7, 2017, Plaintiffs allege that all Defendants conspired to retaliate against her by trumping up false evidence, suborning perjured testimony of witnesses to falsely allege that Plaintiffs were operating an impact business from their home in violation of the Zoning Code. (A.¶ 29.) Plaintiffs allege that the only purpose of the zoning violation charge was to punish Plaintiffs for exercising their First Amendment Rights. (A.¶ 33. ) After hearings were held by the Zoning Board in May, June and July of 2018 at which Plaintiffs claim weak and trumped-up and false evidence was presented, Plaintiffs successfully defended and received a favorable decision with a vote of the Board 5-0.   (A. ¶36.)

## II.   **LEGAL ARGUMENT**

### A.   **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide for the dismissal of an action for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b) (6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. Sturm vs. Clark, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Unger vs. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

Dismissal is appropriate on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the Complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). It is well settled that a Complaint must be dismissed even if the claim to relief is "conceivable," because a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While the Court will accept well-pleaded facts as true for the purpose of the Motion, "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n) (8).

## A.   ALL OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED

Moving individual Defendants seek dismissal of Plaintiffs §1983 official capacity claims against them on the basis that suits against state officers in their official capacity are merely

another way of pleading an action against the entity of which an officer is an agent. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . . It is *not* a suit against the official personally, for the real party in interest is the entity." (internal citations omitted)); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, this claim against each individual Defendant should be dismissed.

**B.    PLAINTIFFS FAIL TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION**

Plaintiffs' Complaint fails to sufficiently allege the elements of a First Amendment retaliation claim. "[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 296 (3d Cir. 2006). Here there is an absence of factual allegations that precludes a conclusion that Plaintiff was engaged in constitutionally protected conduct. Plaintiffs asserts a faulty syllogism in that they ask the Court to conclude that because Margaret Downs ran for Mayor against an endorsed candidate allegedly angering the individual Defendants, that a later zoning code violation issued by the Borough resulted from her unsuccessful bid for Mayor and/or the Plaintiffs raising issues of concern to them with Council. What is missing are the facts as to how Plaintiffs get from the Mayoral run to their belief that the targeted Defendants were responsible for unjustly prosecuting a zoning code violation.

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," and courts have rejected "unwarranted inferences" and "unsupported conclusions" in evaluating motions to dismiss. Morse v. Lower Merion School District, 132 F.3d 902, 906 n. 8 (3d Cir.1997) (*quoting* Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1357 (2d ed.1997)). The sweeping allegations against the Council Defendants, Solicitor and Borough Manager not in any way individualized and that appear fanciful provide no support for the conclusion that they violated the Plaintiffs' constitutional rights directly or through acquiescence in known constitutional violations.

Without any factual predicate, Plaintiffs simply make wild, scurrilous conclusions against elected and appointed Officials that the individual Defendants committed corrupt acts and used the Borough Zoning Code as a weapon to retaliate against them by falsely accusing them of operating an impact business.  Simply alleging that the individual Defendants, characterized by Plaintiffs as the political powerbrokers, were angry and that after the election the Borough issued a code violation to them that they successfully defeated at a Zoning Board Hearing is simply insufficient.  It is untoward to accuse public officials and public servants of corruption without any factual basis.  Each Defendant is entitled to be advised as to what conduct he or she was allegedly involved in that resulted in the deprivation of Plaintiffs' civil rights.  Here there is no delineation as to what any individual Defendant did or when any such action was taken. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," and courts have rejected "unwarranted inferences" and "unsupported conclusions" in evaluating motions to dismiss. Morse v. Lower Merion School District, 132 F.3d 902, 906 n. 8 (3d Cir.1997) (*quoting* Charles Alan Wright & Arthur Miller,

Federal Practice and Procedure § 1357 (2d ed.1997)). The bald allegation against the Solicitor,

Borough Manager and Council Defendants are conspired to violate Plaintiffs' First Amendment

rights provides no support for any such conclusion either directly or through acquiescence.

Plaintiffs, in paragraph 12 of the Complaint, suggest that there was a breach of a duty to protect,

but do not elaborate on a factual basis for such a claim or who it is addressed to.

      1.     Solicitor Kilkenny

     The Borough Solicitor is sued presumably because of involvement in providing advice to

or prosecuting the zoning code matter.  The lawsuit against him appears to be based solely on an

alleged conspiracy with his own clients, Council members and the Borough Manager.   In the

Third Circuit, the intracorporate conspiracy doctrine bans claims against attorneys based on

conspiracies allegedly formed in the attorney-client context. See Heffernan v. Hunter, 189 F.3d

405, 413 (3d Cir. 1999). When an attorney's alleged conspiratorial conduct occurs within the

scope of representation, the conduct cannot be characterized as an actionable conspiracy. See

Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313-14 (3d Cir. 2003) (applying

intracorporate conspiracy doctrine to affirm dismissal of civil conspiracy claim against attorney

acting in scope of representation); Heffernan, 189 F.3d at 413-14 (applying intracorporate

conspiracy doctrine to affirm dismissal of § 1985(1) and (2) claims against attorney who acted

within the scope of representation).  Therefore, the claims against him should be dismissed with

prejudice for this reason as well as for the lack of a factual predicate for such a claim.

      a.     Absolute/Prosecutorial Immunity

     To the extent that his action is brought against Solicitor Kilkenny in his role as an alleged

prosecutor of the code offense against the Plaintiffs, the Solicitor is entitled to absolute immunity. Prosecutors have absolute immunity from civil suits for damages under Section 1983 for initiating and presenting a zoning code enforcement case. Whiteford v. Penn Hills Municipality, 323 F. App'x 163 (3d Cir. 2009); see also Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 113 S. Ct. 2606 (1993). Absolute prosecutorial immunity extends to all prosecutorial functions and activities, i.e., those in which the prosecutor is engaged in typical prosecutorial functions, even if the prosecutor acted willfully, maliciously or in bad faith.  Imbler v. Pactman, 424 U.S. 409, 430, 96 S. Ct. 209 (1976) (emphasis added); Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007), citing Imbler, supra.  See also, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d. Cir. 1992).

As to the remainder of the individual Defendants as well as the Solicitor, to the extent that any claim remains under the First Amendment, the Court is requested to require the Plaintiffs to file a proper pleading against each proposed Defendant setting forth the facts as to what each Defendant is accused of doing that results in a First Amendment retaliation claim without simply supposition and conjecture.

### C.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER THE FIRST AMENDMENT CLAIM FOR MUNICIPAL LIABILITY AGAINST THE BOROUGH

Plaintiffs' claim against the Borough are under a respondeat superior theory and are also based upon a theory that the Borough failed to train, discipline and supervise all the individual Defendants. (A. ¶43.)   First, it is well established that a municipality cannot be held liable under § 1983 on a respondeat superior theory. Monell v. Department of Social Service, 436 U.S. 658, 691 (1978). Rather, to establish municipal liability under § 1983, a plaintiff must demonstrate (1) a constitutional violation by a municipal actor (2) that was caused by a municipal policy or

custom. Id. at 694.  Assertions that a municipality's failure to train, supervise, or discipline may only be viewed as a municipal policy or custom that is actionable under §1983 where the failure amounts to deliberate indifference to the rights of persons with whom the employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).  Further, the Third Circuit indicates that a plaintiff must identify a failure to provide specific training, supervision, or discipline that has a causal nexus with their injuries, and must demonstrate that the absence of that specific training, supervision, or discipline can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.  Reitz v. Cty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).

Clearly, Plaintiffs cannot be asserting that the Borough failed in their training, supervision and discipline of the Solicitor whose training and supervision and oversight is under the purview of the Pennsylvania Disciplinary Board and not the Borough Council.  Plaintiffs also cannot legitimately assert a claim that the Councilmembers sued failed to train, supervise or discipline each other and then attribute the action to the "Borough."  It would be only the Township Manager who would actually be supervised by the Borough Council, and there is no allegation as to what he did that was unconstitutional or illegal but a veiled suggestion that he took instruction from the Solicitor and Council President and Vice President.  Therefore, this claim should be dismissed.

### D.    PLAINTIFFS FAIL TO STATE A VIABLE ABUSE OF PROCESS CLAIM

As to the municipality, Plaintiffs state law tort claims against the municipal entities are barred because of the broad immunity provided by Pennsylvania's Political Subdivision Tort

Claims Act ("PSTCA"), 42 Pa. C.S.A. §§ 8541 et seq. The PSTCA provides broad immunity to municipalities against state tort claims. It provides, in relevant part: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

42 Pa. C.S.A. § 8541.  In order to maintain a state law tort action against a municipality within one of the PSTCA exceptions to immunity, a plaintiff must satisfy three conditions. Talley v. Trautman, No. 96-5190, 1997 WL 135705, at *5 (E.D. Pa. Mar. 13, 1997). First, the plaintiff must allege a tort for which relief could be granted at common law or by statute if no governmental immunity applied. Id.; 42 Pa. C.S.A. § 8542(a)(1). Second, the injury must have resulted from the negligent conduct of the municipality or its employee acting within the scope of his employment. Id.; 42 Pa. C.S.A. § 8542(a)(2). Third, the alleged tort must fall within one of eight specific categories of governmental activity: (1) vehicle liability; (2) the care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody or control of animals. 42 Pa. C.S.A. § 8542(b)(1)-(8).   In addition, "local agencies are not liable for injuries caused by their own acts or the acts of their employees that constitute 'a crime, actual fraud, malice or willful misconduct." DeBellis v. Kulp, 166 F. Supp.2d 255, 278 (E.D. Pa. 2001); 42 Pa. C.S.A. § 8542(a). See also Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707, 719 (E.D. Pa. 2007) (holding that "because the exceptions to immunity cover only 'negligent acts,' [the township] is categorically immune from any intentional acts (e.g. intentional infliction of emotional distress.")

Therefore, the municipality as a matter of law may not be held liable for the tort of abuse of process and this claim should be dismissed.

As to the individual Defendants, not only is there no factual basis within this pleading to suggest who initiated the process and whether the Solicitor is being sued for presenting the Borough's case, even if we presume involvement of the individual Defendants in the absence of all facts that would sustain such averments, Plaintiffs would still fail to state a viable claim.

To establish a claim for abuse of process, the plaintiff must show "that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.   Indeed, under Pennsylvania law "there is no cause of action for abuse of process if a defendant, even with bad intentions, merely carries out the process to its authorized conclusion." Cameron v. Graphic Mgmt. Assocs., Inc., 817 F. Supp. 19, 21 (E.D. Pa. 1992) (citing Shaffer v. Stewart, 473 A.2d 1017 (Pa. Super. 1984)).   The Courts have noted that the essence of an abuse of process claim is that the process is used for a purpose not intended by the law. Rosen v. Tesoro Petroleum Corp. 582 A.2d 27, 32 (1990).

Abuse of process generally pertains to situations involving "extortion by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution." Zappala v. Hub Foods, Inc., 683 F.Supp. 127, 129 (W.D. Pa. 1984). This tort requires that there be a "perversion of legal process *after* it has begun in order to achieve a result for which the process was not intended." Al Hamilton Contracting Co. v. Cowder, 644 A.2d 188, 191 (Pa. Super. 1994)(emphasis added). "It is not enough that the process employed was used with a collateral purpose in mind." Hart v. O'Malley, 647 A.2d 542,552 (Pa. Super. 1994).

11

In this case, the Plaintiffs make this claim on the basis that the process was initiated improperly from the onset as punishment and retaliation, not that the process was subsequently perverted after it commenced.  The fact that the Plaintiffs assert that during hearings witnesses offered perjured testimony against them, without detailing what it was and how such relates to the abuse of process or conspiracy claims cannot sustain this type of claim.  The fact that they successfully defended against the charge at the Zoning Board hearing does not suggest, much less provide a basis, for a claim of abuse of process and the hearings are exactly the due process that is required when a zoning code violation results in a charge.  Therefore, this claim must be dismissed as to all Defendants.

### E.    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR CONSPIRACY

Plaintiffs in Count III assert a state law conspiracy claim against all Defendants.  First, such a claim cannot be made against a municipality.  Second, Plaintiffs claims lack a factual predicate and do not meet the requirements to state such a claim.

The elements of civil conspiracy are "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008); Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987-988 (Pa. Super. Ct. 1997)).  A properly plead conspiracy claim "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (citing Beck v. Prupis, 529 U.S. 494, 120 S. Ct.

12

1608, 146 L. Ed. 2d 561 (2000)). Plaintiffs do little more than recite the elements for establishing the existence of a conspiracy. Formulaic recitations of the elements of a cause of action do not suffice to satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). Twombly, 550 U.S. at 555. See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

### F.    PUNITIVE DAMAGES

Punitive damages are not available against municipal Defendants sued in their official capacities as a matter of law.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616, 634 (1981). (Punitive damages are not recoverable against municipalities in Section 1983 actions.  Punitive damages are also barred against municipalities under 42 U.S.C. § 1985. Mitros v. Cooke, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001). Further, there is no factual predicate for a claim for punitive damages against any individual Defendant in their private capacity but rather only unsustainable conclusions not based on facts that could not support such claims under the circumstances of this case.

### G.    LEAVE TO AMEND SHOULD NOT BE GRANTED

Leave to Amend under Federal Rule of Civil Procedure 15 is generally freely granted. Fed. R. Civ. P. 15(a)(2).  However, leave to amend may be denied when amendment would be futile. See, Walton v. Mental Health Ass'n. of Southeastern Pa., 168 F.3d 661, 665 (3d Cir. 1999).

### III.   CONCLUSION

Based upon the foregoing, Defendants, Borough of Jenkintown, Sean Kilkenny, Debora Pancoe, Richard Bunker and George Locke, respectfully request that this Honorable Court grant their Motion to Dismiss under Rule 12 (b) (6) and enter the attached form of Order or grant such

other relief as the Court deems appropriate.1

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**BY:**     SMM2371

**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No.  29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for moving Defendants, Borough of**
**Jenkintown, Sean Kilkenny, Debora Pancoe,**
**Richard Bunker and George Locke**

Date: November 26, 2018

---

1 Although in the first paragraph of the complaint the plaintiffs indicate they seek equitable relief, nothing in the body of the Complaint addresses this request and it does not appear to be properly asserted and is meritless.

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Motion to Dismiss and a supporting Memorandum of Law of Defendants, Borough of Jenkintown, Sean Kilkenny, Debora Pancoe, Richard Bunker and George Locke, was filed on November 26, 2018, and is available for viewing and downloading from the ECF system.

William J. Fox, Esquire
1626 Pine Street
Philadelphia, Pa.   19103
Attorney for Plaintiffs

**HOLSTEN & ASSOCIATES**

**BY:**   __SMM2371_____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No.  29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for moving Defendants, Borough of Jenkintown,
Sean Kilkenny, Debora Pancoe, Richard Bunker and
George Locke**

Dated: November 26, 2018

15

# EXHIBIT A

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

DAVID B. DOWNS; MARGARET A. DOWNS,
H/W

_Plaintiff_

v.

BOROUGH OF JENKINTOWN; SEAN
KILKENNY; DEBORA PANCOE; RICHARD
BUNKER; GEORGE LOCKE

_Defendant_

)
)
)
)
)
)
)
)

Civil Action No.    18-4529

**RECEIVED**

NOV 0 5 2018

_Jenkintown Borough_

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
    BOROUGH OF JENKINTOWN
    700 Summit Avenue
    Jenkintown, PA 19046

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

WILLIAM J. FOX, ESQ.
1626 PINE ST
PHILADELPHIA PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:        10/23/18

_Joseph B. Walton_, Deputy Clerk

Case 2:18-cv-04529-JD   Document 1   Filed 10/23/18   Page 1 of 13

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID B. DOWNS and MARGARET A. DOWNS, H/W | BOROUGH OF JENKINTOWN, SEAN KILKENNY, DEBORRA PANCOE, RICHARD BUNKER and GEORGE LOVCKE |

| | | |
|---|---|---|
| **(b)** County of Residence of First Listed Plaintiff   Montgomery | | County of Residence of First Listed Defendant   Montgomery |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Law Offices of William J. Fox, PC<br>1626 Pine Street<br>Philadelphia, PA 19103       (215) 546-2477 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ❏ 2   U.S. Government<br>Defendant | ❏ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place<br>of Business In This State | | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure<br>of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1   Original<br>Proceeding | ❏ 2   Removed from<br>State Court | ❏ 3   Remanded from<br>Appellate Court | ❏ 4   Reinstated or<br>Reopened | ❏ 5   Transferred from<br>Another District<br>*(specify)* | ❏ 6   Multidistrict<br>Litigation -<br>Transfer | ❏ 8   Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                    DOCKET NUMBER

DATE   10/22/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Case 2:18-cv-04529-JD   Document 1   Filed 10/23/18   Page 2 of 13

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18    4529

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _301 Runnymede Ave, Jenkintown, PA 19046_

Address of Defendant: _700 Summit Ave, Jenkintown, PA 19046_

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _10-22-18_   _W J Fox_   _69898_
Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _William J Fox_, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE _10-22-18_   _W J Fox_   _69896_
Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

OCT 23 2018

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID B. DOWNS & MARGARET A. | : | |
| DOWNS, H/W | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF JENKINTOWN, et al. | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.              ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                          ( X )


| | | |
|---|---|---|
| _10-22-18_ | __William J. Fox__ | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-546-2477 | 215-546-4698 | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |


**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID B. DOWNS & MARGARET A.** | : |
| **DOWNS, H/W** | : |
| **301 Runnymede Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **BOROUGH OF JENKINTOWN** | : |
| **700 Summit Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **and,** | : |
| | : |
| **SEAN KILKENNY** | : |
| **700 Summit Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **and,** | : |
| | : |
| **DEBORRA PANCOE** | : |
| **700 Summit Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **and,** | : |
| | : |
| **RICHARD BUNKER** | : |
| **700 Summit Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **and,** | : |
| | : |
| **GEORGE LOCKE** | : |
| **700 Summit Avenue** | : |
| **Jenkintown, PA 19046** | : |
| **Defendants** | : |
| | : |

## <u>COMPLAINT</u>

1. This is a civil action seeking equitable relief and money damages against Defendants

for committing acts, under color of law, which deprived Plaintiffs of their rights secured under

1

the First and Fourteenth Amendments of Constitution and laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to harm Plaintiffs; and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

2. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 1988 and 28 U.S.C. §§ 1331, 1343 and 1367. The Court has jurisdiction over Plaintiffs' state law claims pursuant to the doctrine of supplemental jurisdiction.

3. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff and Defendants reside in Eastern Pennsylvania conduct business, have significant contacts in Pennsylvania and are subject to personal jurisdiction in Pennsylvania.

4. Plaintiffs, David B. Downs and Margaret A. Downs, h/w, are citizens and residents of Jenkintown, Pennsylvania and the United States of America.

5. Defendant, Borough of Jenkintown, is a local government entity/municipality and is an agent of the Commonwealth of Pennsylvania with offices located in Jenkintown, Pennsylvania.

6. Defendant, Sean Kilkenny, resides in Jenkintown, is the Solicitor to Jenkintown Borough, licensed to practice law in the Commonwealth of Pennsylvania. Defendant Kilkenny is also the Sheriff of Montgomery County and is a leader of the Jenkintown Democratic Party.

7. Defendant, Deborra Pancoe, resides in Jenkintown, is the President of Jenkintown Borough Council. Defendant Pancoe is also a leader of the Jenkintown Democratic Party.

8. Defendant, Richard Bunker, resides in Jenkintown, is the Vice-President of Jenkintown Borough Council. Defendant Bunker is also a leader of the Jenkintown Democratic

2

Party.

9.  Defendant, George Locke, is the Borough Manager of Jenkintown Borough.

10.  Plaintiff sues each and all Defendants in their individual and official capacities.

11.  At all times material to this Complaint, Defendants, Kilkenny, Pancoe, Bunker and Locke acted under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, Montgomery County and Jenkintown Borough.

12.  At all times relevant, Defendants acted jointly and in concert with each other.  Each individual Defendant had the duty and opportunity to protect the Plaintiffs from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

13.  Defendants engaged in multiple corrupt actions, conspired with one another against Plaintiffs and, after Plaintiff, Margaret A. Downs, exercised her First Amendment Rights to participate as a candidate and run for election for the public office of Mayor of Jenkintown Borough, Defendants used the Jenkintown Borough Zoning Code as a weapon to retaliate against Plaintiffs by falsely accusing them of operating an impact business, in violation of the Jenkintown Zoning Code, out of their residence and further trumping up evidence Defendants knew was false for the sole purpose to harass, intimidate, punish, embarrass and humiliate Plaintiffs and to cause great economic harm to Plaintiffs by forcing them to undergo the expense of appealing trumped-up zoning violations.

### KEY FACTS

14.  In August of 2016, Joseph Glass, began renting the property adjacent to Plaintiffs' residence at 303 Runnymede Avenue, Jenkintown, PA 19046 and operating a concrete/cement

3

finishing business out of said property.  At all times relevant, said property was owned by Francis V. Reiley.

15.  The property at 303 Runnymede Avenue was zoned as residential.  The operation of a concrete business out of this residential dwelling by Mr. Glass violated Jenkintown Borough's Zoning Code.  The operation of the business was a nuisance and disruptive to residents that lived adjacent to and nearby 303 Runnymede Avenue.

16.  In or around August of 2016 and thereafter, Plaintiffs and other residents that live near 303 Runnymede made multiple complaints about the illegal operation of the concrete business to Defendant Locke. The other Defendants were also notified of these complaints on several occasions.

17.  Over the next 14 months, Defendant Locke would consult with and rely upon the advice provided by Defendants Kilkenny, Pancoe and Bunker.

18.  On September 1, 2016, Jenkintown Borough issued a code violation to Mr. Glass for violating the Borough Zoning Code prohibiting the operation of an impact business at that location. Subsequently, a Citation was issued to Mr.  Glass in November of 2016.

19.  Tensions ensued over the next 14 months between Mr. Glass and residents of Jenkintown and Plaintiffs regarding his operation of his concrete business at 303 Runnymede Avenue.  In 2016 and 2017, Mr. Glass engaged in multiple criminal acts against Plaintiffs and, as a result, was prosecuted and pled guilty to committing criminal acts.

20.  During this same time-frame, Plaintiffs and other Jenkintown residents made multiple complaints to Defendants and other employees and officials of Jenkintown Borough with regard to Mr. Glass' ongoing illegal operation of a concrete business at 303 Runnymede

4

Avenue.

21.  Though Mr. Glass acted with impunity by openly operating his business in violation of Jenkintown's Zoning Code, Defendants and other Borough officials failed to take effective measures in stopping the ongoing violations.   Instead of administering their duties as Borough Officials and Employees, Defendants dismissed the matter as a "neighborly dispute."  However, it was not a neighborly dispute.  It was an illegal and disruptive operation, and continues to be, a concrete business.

22.  Plaintiffs and many other residents of Jenkintown were frustrated and grew weary of the failure of Defendants and other Borough officials to stop Mr. Glass from violating the Jenkintown Zoning Code and operating a business that constituted a nuisance.

23.  In September of 2017, due to the dissatisfaction with the Defendants and other elected officials of the Jenkintown Borough, Plaintiff, Margaret A. Downs, decided to exercise her franchise and run, as a write-in candidate, for the public office of Mayor of Jenkintown Borough.  Ms. Downs was a registered Democrat.

24.  Though Plaintiff had substantial support from resident-voters of Jenkintown Borough, she did not have the support of the Jenkintown Democratic Party leadership, which included Defendants Kilkenny, Pancoe and Bunker.

25.  In the primary held in the Spring of 2017, Defendants and the Jenkintown Democratic Party nominated and endorsed Allyson Dobbs who ran unopposed as the Democratic candidate in the primary.  At the time of the general election, Ms. Dobbs had no opposition from the Republican Party.

26.  Defendants Kilkenny, Pancoe, Bunker and Locke were angry at Ms. Downs for

running as a write-in candidate against their endorsed candidate, Allyson Dobbs.

27.  The election for Mayor of Jenkintown Borough took place on November 7, 2017. Even though Ms. Downs obtained approximately 35% of the vote as a write-in candidate, the election was won by Ms. Dobbs.

28.  At all times relevant, Defendants frowned upon Plaintiff's run for office, criticized and retaliated against Jenkintown residents that supported Plaintiff and harbored resentment and anger toward Plaintiff.

29.  One month after the election, December 7, 2017, Defendants conspired to retaliate against Plaintiff by trumping up false evidence, including suborning perjured testimony from witnesses, and falsely alleging that Plaintiffs were operating an impact business from their home on 301 Runnymede Avenue in violation of the Jenkintown Borough Zoning Code.

30.  At all times, Plaintiffs maintained that they did not operate any business at their home and directly communicated this fact to Defendants Kilkenny, Locke, Pancoe and Bunker.

31.  At all times relevant, Defendants knew that Plaintiffs did not operate a business out of their home.  Despite knowing this fact, Defendants still charged Plaintiffs with violating the Jenkintown Zoning Code.

32.  At all times relevant, Defendants were obliged to but failed to procure some reasonable evidence of the alleged code violation against Plaintiffs.  However, Defendants did nothing to investigate and obtain evidence of the alleged violation because they knew that Plaintiffs did not operate a business out of their home.

33.  The only purpose of their actions was to punish Plaintiffs for exercising their First Amendment Rights:

a. to speak out at Council Borough meetings regarding the aforesaid zoning code violations of Mr. Glass;

b. regarding Ms. Downs' rights to campaign and run for political office within the Borough against the endorsed candidate of the political party in power; and,

c. regarding Mr. Downs' rights to support Ms. Downs' candidacy and to campaign on behalf of her candidacy for the Mayor of Borough of Jenkintown.

34. Defendants prosecuted the trumped-up violation against Plaintiffs to the honorable District Justice Elizabeth McHugh. After Judge McHugh dismissed the case against Plaintiffs, Defendants further conspired to trump up false code violation against Plaintiffs so as to force Plaintiffs to undergo the considerable legal expense of appealing the trumped-up code violation to the Jenkintown Borough Zoning Board.

35. Plaintiffs were placed in the untenable position of having to appeal the violation and incur great legal expense.

36. In May, June and July of 2018, three separate hearings were held before the Jenkintown Borough Zoning Board. On the first two days of the hearings, Defendants presented trumped-up, false, weak and frivolous evidence to the Board. On the third day, Plaintiffs presented their evidence.

37. After Plaintiffs rested, the Board retired to deliberate for a very short period of time. When the Board returned, they announced their decision 5 - 0 in favor of Plaintiffs.

## COUNT I - SECTION 1983 - FIRST AMENDMENT

38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 of this Complaint as though same were fully set forth at length herein.

7

39. At all times relevant, Defendants retaliated against Plaintiffs because Ms. Downs exercised her First Amendment Rights to freedom of speech by running for public office, and because Plaintiffs spoke out with regard to issues that concern the public, including issues regarding unlawful practices, policies and customs of the Jenkintown Borough.

40. As a direct and proximate result of the acts and omissions of Defendants herein described, the Plaintiffs were caused to suffer economic harm, other money damages, were caused mental emotional pain, anguish and suffering, and had been chilled in their exercise of their rights to freedom of speech and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and, in addition, have suffered the loss of all the Constitutional rights described herein.

41. In the manner described herein, Defendants acted with reckless disregard of Plaintiff's Constitutional rights.

42. Defendants knew or should have known that their actions would or probably would inflict great economic distress and pain and suffering upon Plaintiffs.

43. At all times relevant, Defendant, Borough of Jenkintown,  failed to train, discipline and/or supervise the actions of the Defendants Kilkenny, Pancoe, Bunker and Locke.

44. In the manner described herein, Defendants have deprived Plaintiffs of their rights to freedom of speech and due process of the law.  All of these rights are secured to Plaintiff by provisions of the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

45. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages

8

against the individual Defendants is necessary and appropriate.

<u>**COUNT II - ABUSE OF PROCESS (STATE LAW CLAIM)**</u>

46.  Plaintiffs hereby incorporate by reference paragraphs 1 through 45 of this Complaint as though same were fully set forth at length herein.

47.  As a result of the Defendants' conduct as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges.

48.  Defendants' conduct in bringing the aforesaid false claims against Plaintiffs was reckless, intentional, without valid legal basis, done to annoy, harm and harass Plaintiffs and constitutes an abuse of process.

49.  As a result of all of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

50.  The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

<u>**COUNT III - CONSPIRACY (State Law)**</u>

51.  Plaintiffs hereby incorporate by reference paragraphs 1 through 50 of this Complaint as though same were fully set forth at length herein.

52.  As a result of all of Defendants' conduct as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges.  All of Defendants conspired and engaged in a conspiracy to bring the aforesaid false claims against Plaintiffs.

53. The conduct of all of Defendants, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and reckless disregard for the truth.

54. As a result of all of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

55. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, as follows:

A)    Awarding economic and compensatory damages under 42 U.S.C. ¶ 1983, et seq.;

B)    Awarding interest calculated at the prevailing rate;

C)    Awarding reasonable attorney's fees, and other costs of the action pursuant to the Section 1983;

D).   Awarding damages for pain and suffering under Section 1983;

E).   Awarding punitive damages as to individual Defendants; and,

F)    Awarding such other relief as this Court shall consider to be fair and equitable.


WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiffs
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Date:_ October 22, 2018_

10