IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. DOWNS & MARGARET A. DOWNS, H/W : <br> Plaintiffs : <br> : <br> v. : <br> : <br> BOROUGH OF JENKINTOWN, ET AL. : <br> Defendants : <br> : | 18-CV-4529 |

# FIRST AMENDED COMPLAINT

1. This is a civil action seeking equitable relief and money damages against Defendants for committing acts, under color of law, which deprived Plaintiffs of their rights secured under the First and Fourteenth Amendments of Constitution and laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to harm Plaintiffs; and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

2. The Court has jurisdiction of this action under 42 U.S. C. § 1983, 1988 and 28 U.S.C. §§ 1331, 1343 and 1367. The Court has jurisdiction over Plaintiffs' state law claims pursuant to the doctrine of supplemental jurisdiction.

3. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff and Defendants reside in Eastern Pennsylvania conduct business, have significant contacts in Pennsylvania and are subject to personal jurisdiction in Pennsylvania.

4. Plaintiffs, David B. Downs and Margaret A. Downs, h/w, are citizens and residents of Jenkintown, Pennsylvania and the United States of America.

1

5. Defendant, Borough of Jenkintown, is a local government entity/municipality and is an agent of the Commonwealth of Pennsylvania with offices located in Jenkintown, Pennsylvania.

6. Defendant, Sean Kilkenny, resides in Jenkintown, is the Solicitor to Jenkintown Borough, licensed to practice law in the Commonwealth of Pennsylvania. Defendant Kilkenny is also the Sheriff of Montgomery County and is a leader of the Jenkintown Democratic Party.

7. Defendant, Deborra Pancoe, resides in Jenkintown, is the President of Jenkintown Borough Council. Defendant Pancoe is also a leader of the Jenkintown Democratic Party.

8. Defendant, Richard Bunker, resides in Jenkintown, is the Vice-President of Jenkintown Borough Council. Defendant Bunker is also a leader of the Jenkintown Democratic Party.

9. Defendant, George Locke, is the Borough Manager of Jenkintown Borough.

10. Plaintiff sues each and all Defendants in their individual and official capacities.

11. At all times material to this Complaint, Defendants, Kilkenny, Pancoe, Bunker and Locke acted under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, Montgomery County and Jenkintown Borough.

12. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiffs from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' damages.

13. Defendants engaged in multiple corrupt actions, conspired with one another against Plaintiffs and, after Plaintiff, Margaret A. Downs, exercised her First Amendment Rights to

participate as a candidate and run for election for the public office of Mayor of Jenkintown Borough, Defendants used the Jenkintown Borough Zoning Code as a weapon to retaliate against Plaintiffs by falsely accusing them of operating an impact business, in violation of the Jenkintown Zoning Code, out of their residence and further trumping up evidence Defendants knew was false for the sole purpose to harass, intimidate, punish, embarrass and humiliate Plaintiffs and to cause great economic harm to Plaintiffs by forcing them to undergo the expense of appealing trumped-up zoning violations.

## KEY FACTS

14. In August of 2016, Joseph Glass, began renting the property adjacent to Plaintiffs' residence at 303 Runnymede Avenue, Jenkintown, PA 19046 and operating a concrete/cement finishing business out of said property. At all times relevant, said property was owned by Francis V. Reiley.

15. Under the Jenkintown Zoning Code, the property at 303 Runnymede Avenue was zoned as B-1 Residential. The operation of a concrete business out of this residential dwelling by Mr. Glass violated the Zoning Code. The operation of the business was a nuisance and disruptive to residents that lived adjacent to and nearby 303 Runnymede Avenue.

16. In or around August of 2016 and thereafter, Plaintiffs and other residents that live near 303 Runnymede made multiple complaints about the illegal operation of the concrete business to Defendant Locke. Plaintiffs notified the other Defendants of these complaints on several occasions, including notifying Defendants in Borough Council meetings.

17. Over the next 14 months, Defendant Locke would consult with and rely upon the advice provided by Defendants Kilkenny, Pancoe and Bunker.

18. On September 1, 2016, Jenkintown Borough issued a code violation to Mr. Glass for violating the Borough Zoning Code prohibiting the operation of an impact business at that

location. Defendant Locke deemed the violation as abated on or about September 30, 2016 even though nothing was done by Mr. Glass to remediate the violation.

19. Because Mr. Glass did not stop operating his concrete business, multiple complaints were made by Plaintiffs and other Jenkintown residents. A new Citation was issued to Mr. Glass in November of 2016.

20. Tensions ensued over the next 14 months between Mr. Glass and Plaintiffs and residents of Jenkintown regarding his operation of his concrete business at 303 Runnymede Avenue. In 2016 and 2017, Mr. Glass engaged in multiple criminal acts against Plaintiffs and, as a result, was prosecuted and pled guilty to committing criminal acts.

21. On October 25, 2016, Joseph Glass and Christine Glass, h/w, made false allegations against Plaintiffs accusing them of operating a landscaping business. Defendant Locke investigated these complaints and eventually determined that the complaints had no merit.

22. Though Mr. Glass acted with impunity by openly operating his business in violation of Jenkintown's Zoning Code, Defendants and other Borough officials failed to take effective measures in stopping the ongoing violations. Instead of administering their duties as Borough Officials and Employees, Defendants dismissed the matter as a "neighborly dispute." However, it was not a neighborly dispute. It was an illegal and disruptive operation, and continues to be, of a concrete business.

23. In April of 2017, a hearing on the zoning citation was held before the Jenkintown District Justice and Mr. Glass was found guilty of violating Jenkintown's Zoning Code that prohibits residents from operating impact businesses on residentially zoned property.

24. In September of 2017, due to the dissatisfaction with the Defendants and other elected officials of the Jenkintown Borough, Plaintiff, Margaret A. Downs, decided to exercise her franchise and run, as a write-in candidate, for the public office of Mayor of Jenkintown Borough. Ms. Downs was a registered Democrat.

25. In 2017, Ms. Downs had also made Right to Know requests for public records related to Jenkintown's handling of code enforcement and related matters.

26. Though Plaintiff had substantial support from resident-voters of Jenkintown Borough, she did not have the support of the Jenkintown Democratic Party leadership, which included Defendants Kilkenny, Pancoe and Bunker.

27. In the primary held in the Spring of 2017, Defendants and the Jenkintown Democratic Party nominated and endorsed Allyson Dobbs who ran unopposed as the Democratic candidate in the primary. At the time of the general election, Ms. Dobbs had no opposition from the Republican Party and had cross-filed on the Republican ticket.

28. Defendants Kilkenny, Pancoe, Bunker and Locke were angry at Ms. Downs for running for office as a write-in candidate against their endorsed candidate, Allyson Dobbs.

29. At all times relevant, Defendants frowned upon Plaintiff's run for office, criticized and retaliated against Jenkintown residents that supported Plaintiff and harbored resentment and anger toward Plaintiffs.

30. On multiple occasions during the election season, Defendant Bunker made disparaging comments on the "Jenkintown Community Page" blog site about Ms. Downs for exercising her right to run for the office of Mayor. He also decried Ms. Downs for making the Right to Know requests and claimed that Jenkintown spent more than $10,000.00 having to respond to these requests.

5

31. For many years, including 2016 through the present, the Jenkintown Borough failed to enforce the zoning code and/or selectively enforced the zoning code.

32. In October of 2017, after receiving complaints from the Glasses, Defendant Borough served Plaintiffs with two property code violation notices. Plaintiffs were cited for allegedly having a dead tree on their property (this was not true as Plaintiffs hired an Arborist to inspect the tree and confirm in writing to the Borough that the tree was healthy) and for having a down spout turned in the wrong direction, which Plaintiffs immediately remediated.

33. What is interesting is that many other property and zoning code violations brought to the Borough's attention by citizens of Jenkintown were routinely ignored and/or dismissed. Enforcement was rare and sporadic.

34. As to the allegations of the Glasses that Plaintiffs were violating the zoning code by operating an impact business, on October 11, 2017, Defendant Locke stated in a Memorandum that he had made three inspections of Plaintiffs' property and found that Plaintiffs were not operating a business.

35. The election for Mayor of Jenkintown Borough took place on November 7, 2017. Even though Ms. Downs obtained approximately 35% of the vote as a write-in candidate, the election was won by Ms. Dobbs.

36. Two weeks after the election, on November 21, 2017, Defendant Locke, sent a letter claiming to Plaintiffs that the Borough had received multiple complaints (from the Glasses) that Plaintiffs were operating a landscaping business out of their home. This letter asked Plaintiffs to meet with Defendants Locke and Kilkenny at Borough Hall to discuss these allegations. A meeting was subsequently scheduled to take place on December 7, 2017.

37. On December 7, 2017, Plaintiffs met with Defendants Kilkenny and Locke at Borough Hall. Plaintiffs went to this meeting expecting to address the false allegations that they had been operating a landscape business.

38. However, when Plaintiffs arrived to discuss this matter, Defendants Kilkenny and Locke refused to engage in discussion of the merits of the allegations and/or to learn the truth. Instead, Kilkenny instructed Locke to hand over a zoning violation notice to Plaintiffs and left the room. Kilkenny refused to engage with or listen to Plaintiffs. Plaintiffs persisted and tried to get Locke to listen. Kilkenny returned to the room and instructed Locke to end the meeting.

39. Ms. Downs, and her attorneys, repeatedly invited Defendants Locke, Kilkenny, Pancoe and Bunker, as well as the other Council members, to come and inspect their property so that they could demonstrate that they were not operating a landscaping business or any other business.

40. Defendants refused Plaintiffs' invitations to inspect the property. Defendants did not really care about the truth and did not care if Plaintiffs' were operating a business. Defendants only cared to use the Zoning Code as a weapon to punish Plaintiffs for engaging in political activities, namely Ms. Downs' running for the office of Mayor.

41. On Plaintiffs' behalf, two reputable and established attorneys wrote to the Borough and Defendant Kilkenny explaining in detail that Plaintiffs did not operate a business out of their home. One attorney requested that an informal meeting take place between Borough officials, Plaintiffs and the Glasses.

42. Defendants disregarded the attorneys' representations that no business was being operated at Plaintiff's property and denied the request for an informal meeting.

7

43. On or about January 7, 2018, Defendant Borough issued a zoning violation citation to Plaintiffs and a hearing was scheduled on March 26, 2018 before the honorable District Justice Elizabeth McHugh.

44. Defendants undertook great effort, preparing substantial briefs, to prosecute the violation even though they knew that Plaintiffs were not operating a business.

45. At the hearing, Judge McHugh dismissed the zoning code violations brought by the Borough against Plaintiffs.

46. That same day, Defendants further conspired to trump up a false code violation against Plaintiffs and issued a new zoning violation notice again accusing Plaintiffs of operating an impact business.

47. Given the aggressive nature of Defendants' actions, Plaintiffs were placed in the untenable position of having to appeal the zoning violation notice to the Jenkintown Borough Zoning Board, which meant that they would have to incur substantial and considerable legal expense.

48. At all times relevant, Kilkenny abused his authority as a Solicitor and Democratic Party leader to instruct Locke to conspire with the other Defendants to retaliate against Plaintiff by trumping up false evidence, including suborning perjured testimony from witnesses, and falsely alleging that Plaintiffs were operating an impact business from their home on 301 Runnymede Avenue in violation of the Jenkintown Borough Zoning Code.

49. At all times, Plaintiffs maintained that they did not operate any business at their home and directly communicated this fact to Defendants Kilkenny, Locke, Pancoe and Bunker.

50. At all times relevant, Defendants knew that Plaintiffs did not operate a business out of their home. Despite knowing this fact, Defendants still charged Plaintiffs with violating the Jenkintown Zoning Code.

51. At all times relevant, Defendants were obliged to but failed to procure some reasonable evidence of the alleged code violation against Plaintiffs. However, Defendants did nothing to investigate and obtain evidence of the alleged violation because they knew that Plaintiffs did not operate a business out of their home.

52. The only purpose of Defendants' actions was to punish Plaintiffs for exercising their First Amendment Rights:

    a. to speak out at Council Borough meetings regarding the aforesaid zoning code violations of Mr. Glass;

    b. to make Right To Know requests for public information;

    c. regarding Ms. Downs' rights to campaign and run for political office within the Borough against the endorsed candidate of the political party in power; and,

    d. regarding Mr. Downs' rights to support Ms. Downs' candidacy and to campaign on behalf of her candidacy for the Mayor of Borough of Jenkintown.

53. In May, June and July of 2018, three separate hearings were held before the Jenkintown Borough Zoning Board. On the first two days of the hearings, Defendants presented trumped-up, false, weak and frivolous evidence to the Board. On the third day, Plaintiffs presented their evidence.

54. After Plaintiffs rested, the Board retired to deliberate for a very short period of time. When the Board returned, they announced their decision 5 - 0 in favor of Plaintiffs.

### COUNT I - SECTION 1983 - FIRST AMENDMENT
### ALL DEFENDANTS

55. Plaintiffs hereby incorporate by reference paragraphs 1 through 54 of this Complaint as though same were fully set forth at length herein.

56. At all times relevant, Defendants retaliated against Plaintiffs because Ms. Downs exercised her First Amendment Rights to freedom of speech by running for public office, making Right To Know requests and because Plaintiffs spoke out with regard to issues that concern the public, including issues regarding unlawful practices, policies and customs of the Jenkintown Borough.

57. As a direct and proximate result of the acts and omissions of Defendants herein described, the Plaintiffs were caused to suffer economic harm, other money damages, were caused mental emotional pain, anguish and suffering, and had been chilled in their exercise of their rights to freedom of speech and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and, in addition, have suffered the loss of all the Constitutional rights described herein.

58. In the manner described herein, Defendants acted with reckless disregard of Plaintiff's Constitutional rights.

59. Defendants knew or should have known that their actions would or probably would inflict great economic distress and pain and suffering upon Plaintiffs.

60. At all times relevant, individual Defendants, enacted policy and executed policy on behalf of Defendant Borough of Jenkintown.

61. In the manner described herein, Defendants have deprived Plaintiffs of their rights to freedom of speech and due process of the law. All of these rights are secured to Plaintiff by

provisions of the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

62. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

### COUNT II - ABUSE OF PROCESS (STATE LAW) DEFENDANTS KILKENNY & LOCKE

63. Plaintiffs hereby incorporate by reference paragraphs 1 through 62 of this Complaint as though same were fully set forth at length herein.

64. As a result of the conduct of Defendants Locke and Kilkenny as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges.

65. Defendants' conduct in bringing the aforesaid false claims against Plaintiffs was reckless, intentional, without valid legal basis, done to annoy, harm and harass Plaintiffs and constitutes an abuse of process.

66. As a result of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

67. The actions of Defendants Kilkenny and Locke exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

## COUNT III - CONSPIRACY (STATE LAW)
## DEFENDANTS KILKENNY & LOCKE

68. Plaintiffs hereby incorporate by reference paragraphs 1 through 67 of this Complaint as though same were fully set forth at length herein.

69. As a result of the conduct of Defendants Kilkenny and Locke as described herein, Plaintiffs were subjected to false claims of violating Jenkintown's zoning laws and forced to expend great sums of money to defend against said false charges. Said Defendants conspired and engaged in a conspiracy to bring the aforesaid false claims against Plaintiffs.

70. The conduct of said Defendants, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and reckless disregard for the truth.

71. As a result of Defendants' conduct, Plaintiffs suffered economic losses, pain and suffering, emotional distress, anguish, loss of reputation and other pecuniary losses.

72. The actions Defendants Kilkenny and Locke exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages against the individual Defendants is necessary and appropriate.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, as follows:

A) Awarding economic and compensatory damages under 42 U.S.C. ¶ 1983, et seq.;

B) Awarding interest calculated at the prevailing rate;

C) Awarding reasonable attorney's fees, and other costs of the action pursuant to the Section 1983;

D).    Awarding damages for pain and suffering under Section 1983;

E).    Awarding punitive damages as to individual Defendants; and,

F)     Awarding such other relief as this Court shall consider to be fair and equitable.

                                                                   _____
                                                                   WILLIAM J. FOX, ESQUIRE
                                                                   Attorney for Plaintiffs
                                                                   1626 Pine Street
                                                                   Philadelphia, PA 19103
                                                                   (215) 546-2477