## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. DOWNS; MARGARET A. DOWNS, H/W | : | Civil Action No.  18-4529 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOROUGH OF JENKINTOWN, SEAN KILKENNY, DEBORA PANCOE, RICHARD BUNKER, GEORGE LOCKE | : | |
| Defendants | | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BOROUGH OF JENKINTOWN, DEBORA PANCOE, RICHARD BUNKER AND GEORGE LOCKE

Defendants' Borough of Jenkintown, Debora Pancoe, Richard Bunker and George Locke by and through their attorney, Holsten & Associates, and Suzanne McDonough, Esquire, undersigned counsel, hereby submit this Answer and Affirmative Defenses to the First Amended Complaint of David B. Downs and Margaret A. Downs ("Downs").  Defendants expressly deny all allegations not specifically admitted herein and in support thereof, state as follows:

1.    Denied.  The averments are multiple conclusions of law to which no responsive pleading is required.  All averments of violations of federal and/or state law, retaliation, conspiracy and averments of actions taken by answering defendants with other than the intent to seek justice are expressly denied. Further, there is no claim for equitable relief in the First Amended Complaint nor would plaintiffs be entitled to such relief.

2.    Jurisdiction is admitted.

3.    Venue is admitted.

4.    Admitted upon information and belief.

5.      Denied as stated.  The Borough is not a Commonwealth agent but rather a political subdivision and local government entity/municipality with offices located in Jenkintown, Pennsylvania.

6.      Admitted in part; denied in part.  Sean Kilkenny was dismissed as a party defendant in this case by Order of Court dated March 22, 2019, so no responsive pleading is required on his behalf.  However, Sean Kilkenny resides in Jenkintown, is an attorney and the appointed Jenkintown Borough Solicitor.  He is also the elected Sheriff of Montgomery County which defines him as one of the leaders of the Democratic party and he is active on committees serving Montgomery County and locally within the Borough of Jenkintown.

7.      Denied as stated.  Debrorra Pancoe resides in Jenkintown and is the President of Council.  As an elected official of the Borough, she is defined as a leader of the Democratic party in that locality.

8.      Admitted in part; denied in part.  Richard Bunker resides in Jenkintown.  He is not on Jenkintown Borough Council but was on Council at times relevant to the lawsuit.  His elected official status defined him as a leader of the local Democratic party.

9.      Admitted.

10.     Denied.  The averments are conclusions of law to which no response pleading is required.  Further, official capacity claims have been dismissed as to individual defendants.

11.     Denied.  The averments are multiple conclusions of law to which no responsive pleading is required.  Defendant Kilkenny has been dismissed from this action.  All of the remaining individual defendants' were serving in their official office and in good faith execution of their duties and in the interest of justice without any animosity or retaliatory motive toward plaintiffs or any other Borough residents.

12.     Denied.  It is denied that defendants "acted jointly and in concert with each other."  All claims of unlawful actions of defendants are specifically denied and the Borough officials and Manager acted at all times in good faith and consistent with the legal advice provided by their Solicitor.  Causation of damages is also denied and deemed at issue.

13.     Denied.  All averments of corrupt actions of any kind and of conspiracy against plaintiffs is specifically denied and the claims have no factual or legal foundation.  It is specifically denied that the defendants retaliated against plaintiff Margaret Downs for her candidacy for Borough Mayor in 2017 and any lack of support for her campaign or any disagreement with her views does not equate with retaliation against her. It is expressly denied that the Borough used the Zoning Code as a weapon or trumped up false charges against plaintiffs to cause them any harm, economic or otherwise.  On the contrary, the Borough was utilizing the Code to equally enforce it consistent with its terms and interpretation given by Courts in the jurisdiction.  The fact that the Downs successfully defended against the code violation does not evidence any retaliatory motive or unconstitutional act on the part of the Borough defendants.

FACTS

14.     Denied as stated.  Property owned by Francis V. Reiley was rented to the Glass family and that property is located adjacent to that of the Downs family.  Plaintiffs accused Joseph Glass of operating a concrete/cement finishing business out of the property.

15.     Admitted in part; denied in part.  Runnymede Avenue where the Glass and Downs family reside is zoned B-1 Residential and operation of an impact business out of the residential dwelling is not permitted. Plaintiffs claimed that Joseph Glass was operating such a business causing a nuisance that was disruptive to residents in the immediate area.

3

16.     Denied as stated.  Plaintiffs, with support of neighbors, made multiple complaints about Glass and his alleged illegal operation of the concrete business to the Township Manager Locke and to Borough elected Officials directly and publicly at Council Meetings.  The remaining averments are multiple conclusions of law to which no responsive pleading is required.

17.   Denied as stated.  The Borough Manager consulted with the Solicitor during the period alleged on legal matters and provided reports and information to his Council employers individually and as a group as requested and required. Defendants are without information or knowledge as to what the allegation addresses and is unable to formulate a more specific response to averments that implicate issues of law to which no responsive pleading is required.

18.     Denied as stated.  The Borough Manager refused the demands of plaintiff Margaret Downs to issue a citation to the property owner and/or tenant and rather properly monitored the progress of compliance until October 5, 2016 when he issued his notice of compliance to the property owner/tenant.

19.     Denied as stated.  The Borough Zoning Code violation did not require the tenant to cease operation of his business but rather to cease operating such a business at or on the residential premises and to comply with the relevant Ordinance.  Upon information and belief, there was no citation issued to Mr. Glass in November of 2016.  However, upon a complaint of the plaintiff(s) in late November, an Official Notice of Zoning Code Violation was issued on December 12, 2016.

20.     Denied.  Answering defendant is unable to respond to allegations about "tensions" between the plaintiffs and non-parties, but the plaintiffs and their supporters actively complained that Glass was operating his concrete business in violation of the Zoning Ordinance, and

4

plaintiffs did report that crimes were committed against them by Glass. Upon information and belief, defendants believe that Glass pled guilty to one or more criminal code violations involving one or both plaintiffs in 2016 and in 2017.

21.     Denied.  On or about October 25, 2016, Christine and Joseph Glass made a complaint that their neighbor, the plaintiffs, were conducting a landscape business from their home in violation of the Zoning Code.  As did Locke when he was investigating the Downs complaint against the Glass family, his investigation of the Downs did not support his view of the reported activity at that time was in violation of the Code, a similar conclusion to that which he had reached at an earlier time when the Downs complained initially about the Glass business activity on their property.  It is denied that the Borough considered the allegations of Christine Glass to be false, and the issue was rather the quantum of evidence supportive of the nature of the code violation involved.

22.     Denied.  The allegations are conclusions of law to which no responsive pleading is required.  To the extent factual, it is denied that the Borough defendants did not act in accordance with their duties in administering the Code or that they failed to take action with regard to provable zoning code violations.  The Borough defendant applied the Code equally to both residents as it interpreted the law, and plaintiffs rhetoric and obvious discontent with the outcome of their complaints against Mr. Glass does not evidence failure on the part of Borough Officials and Employees or dereliction of administrative duties.

23.     Denied.  The proceeding before the District Justice was, as a matter of law, a civil enforcement proceeding, not a proceeding at which a determination is made as to whether or not a zoning ordinance violation has occurred.

24.     Denied as stated.  Plaintiff Margaret Downs ran as a write in candidate for the office of Mayor as a Democrat.  Answering defendants do not know the motivation for her decision to seek public office and this is not an averment requiring a further response.

25.     Admitted in part; denied in part.  It is admitted that plaintiff Ms. Downs made multiple Right to Know requests in 2017, and with relevance to this matter, sought information about the property adjacent to her home.  Answering defendant does not know what the request for information referred to as the "handling" of code enforcement or related matters is and, as a result, this averment is deemed denied.

26.     Denied as stated.  The plaintiff Ms. Downs was a write in candidate and not the endorsed party candidate.  The averments concerning Jenkintown Democratic Party leadership is a conclusion of law and opinion but does refer to elected leaders in Jenkintown, Pancoe and Bunker, and an elected Official of Montgomery County, Kilkenny who also serves as the Jenkintown Solicitor.

27.     Admitted upon information and belief.

28.     Denied.  The endorsed candidate of the party was Dobbs.  Kilkenny is no longer a party defendant.  As to Pancoe, Bunker and Locke, the allegations as to their "anger" is denied.

29.     Denied.  Plaintiff was entitled to run for office, but in so doing, did not insulate her platform and candidacy from critical analysis during the political process by defendants, the endorsed candidate or anyone else in the Borough.  It is specifically denied that there was any retaliation by the defendants against the plaintiffs or their supporters.

30.     Denied as stated.  Claims of disparagement by then Vice President of Council Bunker are denied.  VP Bunker was entitled, and did express, his opinions concerning the election about the qualifications of plaintiff Mrs. Downs during the campaign and was lawfully

6

entitled to do so without threat of a lawsuit for having given his opinion.   Defendant Bunker also

was entitled to express his opinions about the cost of Ms. Downs right to know requests and their

costs to the borough in council and in public and such comments are not unlawful nor retaliatory.

31.   Denied.  The averments are multiple conclusions of law to which no responsive

pleading is required.  Answering defendants, to the extent factual, deny the averments and they

are deemed at issue.

32.   Denied.  On September 13, 2017, property owner Jacklyn Reiley called about a

tree on the Downs property overhanging their property.  After an inspection by the Property

Maintenance Code Officer Lynch, Lynch notified the Downs on September 13 of the tree

condition and to have the hazard removed.   On October 11, 2017, the Downs wrote to Lynch

agreeing that their arborist determined that the branches overhanging the Reiley property were

dying and needed to be removed.   Christine Glass did complain about the downspout extension

of the Downs that was directed to deposit water on the Reiley property causing basement

flooding and the Downs did bring that issue into compliance.

33.   Denied.  The Borough did not routinely ignore and dismiss property and zoning

code violations and rarely or sporadically enforce the code.  On the contrary, Borough personnel

responded to residents' complaints raising issues of property code and/or zoning code violations

as needed and enforcement was consistent with Borough code interpretation and available

resources.

34.   Denied as stated.  Report to Borough Council referred to as the Memorandum

dated October 11, 2017 informed the Board that Borough Manager Locke believed given the

Court redefined standard related to no impact businesses with respect to delivery or removal

functions of equipment beyond that normally associated with residential use, that the current

evidence depicted the running of a landscape business from the Downs residence.  The report details a prior complaint concerning a business operation at the premises that was investigated and upon several site inspections was found not to be substantiated at that time by the Borough Manager.  The Memorandum did not conclude that no business was in operation but rather at that time, the Borough Manager did not see evidence of such.

35.     Denied as stated.  According to the election results, plaintiff Downs ran as a NP (nonpartisan) candidate and garnered 35.26% of the votes to 64.67% by former Borough Council President Allyson V. Dobbs who won the race for Mayor.   Defendants Pancoe and Bunker were re-elected to Council at the election as well.

36.     Denied as stated.  Multiple complaints were received from the Glass neighbors and the complaint of the owner of the Glass property through September and October of 2017 that there was a landscaping business being operated out of the Downs residence.  The complaints were investigated culminating in the Memorandum previously referred to in paragraph 34.  Because the election was forthcoming, the Borough decided to wait until after the election to take any action but did discuss the matter with plaintiffs.  Efforts were made to set up a meeting as detailed in the November 21, 2017 letter to plaintiffs but had been unsuccessful and the letter advised the plaintiffs that the Borough Manager/Zoning Officer Locke sought a meeting about the complaints after Thanksgiving with the Borough Solicitor.

37.     Denied as stated.  The Solicitor and Borough Manager/Zoning Officer Locke met with the plaintiffs to discuss the complaints that were not deemed by the Borough to be false but which had evidentiary support given legal ruling(s) in the jurisdiction.  The meeting adjourned with no resolution of the issue under discussion and the Borough issued the violation notice to the Downs on the date alleged.

8

38.     Denied.  The Solicitor and Borough Manager were prepared to discuss the issues and their investigatory findings with the Downs but without success given the intractable position of the plaintiffs, so the meeting at the suggestion of the Solicitor was adjourned and the violation notice issued on that date.

39.     Admitted in part; denied in part.  Following the issuance of the notice on December 7, 2017, their attorney wrote to the Borough Manager that he considered the zoning violation matter closed and suggested, without basis, that property maintenance notices were improperly motivated as well.

40.     Denied.  The issue was not continual inspection of the Downs property as the violation notice was issued for activity prior to December 7 which activity was determined to warrant the issuance of the violation notice.  It is specifically denied that any defendant or the Borough were using the Zoning Code to punish plaintiffs for engaging in political activity or the run of Margaret Downs for Mayor.

41.     Denied as stated.  The averments are conclusions of law to which no responsive pleading is required.  Plaintiffs' attorneys corresponded with the Borough Solicitor and Borough Manager concerning the case and denying the violation.   Upon information and belief, there was an effort made for potential mediation of the longstanding dispute between the Glass and Downs family with one Downs attorney being in favor of such but the effort never came to fruition.

42.     Denied as stated.  After the violation notice, attorney(s) for plaintiff made representations on behalf of the clients that no business was being operated.  The informal hearing was held on December 7 but was not satisfactory to plaintiffs who were unwilling to indicate that they would agree not to operate the business in the future.

43.     Denied as stated.  On January 7, 2018, the Borough issued an enforcement citation, not a zoning violation citation, to the plaintiffs as they had not appealed the Zoning violation notice by January 6, 2018 despite notice to their attorney on December 21, 2017 that plaintiffs must file for a hearing before the Zoning Hearing Board to dispute the code violation notice by that date.

44.     Denied.  The enforcement proceeding was prepared for by the attorney representing the Borough and the violation was not being prosecuted at that hearing but rather, it was an enforcement proceeding where the penalty would be assessed.

45.     Denied as stated.  Judge McHugh dismissed the enforcement citation but did not, and could not; dismiss the zoning code violation itself.

46.     Denied.  The Zoning Code violation was reissued so as to afford the plaintiffs the opportunity to appeal as they raised an issue evidencing confusion about the time within which they had to appeal despite their attorney having been advised of the deadline.

47.     Denied.  The violation was reissued in order to afford plaintiffs with the opportunity to appeal rather than for the Borough to appeal the decision of Judge McHugh to dismiss the enforcement citation.  The plaintiffs were placed back in the same position that they were in following the initial issuance of the code violation notice, and it is denied that such an approach evidenced aggression.  The averments concerning their substantial and considerable legal expenses are not known to the Borough and such fees or expenses are generally those encountered by any individual cited with a code violation that are contested through an appeal to the Zoning Hearing Board.

48.     Denied.  The salacious and unfounded averments concerning Solicitor Kilkenny are expressly denied and are untrue as are claims that he engaged in any conspiracy with anyone

10

and instructed Borough Manager/Zoning Officer to retaliate against plaintiff. There was no false evidence, no suborning perjured testimony nor any false allegations concerning the impact business, and there was a sound legal basis for the citation. All of the averments in this paragraph are specifically denied.

49.     Denied in part; admitted in part. Plaintiffs have always denied operating a landscaping business at their home that, upon information and belief, is not true. It is admitted that it was the Downs position that they did not operate any business at their home and they directly communicated this fact to those mentioned and others on Council.

50.     Denied. The evidence submitted to the Borough when analyzed in light of the applicable law dictated otherwise, and the zoning violation was issued in good faith, as the Borough believed that there was a business operation as defined by the applicable code section.

51.     Denied as stated. Defendants had sufficient evidence of the alleged violation to issue the notice. It is denied that the defendants knew that the plaintiffs were not operating a business out of the residence and the evidence relied upon was sufficient to substantiate the notice of violation issued.

52.     Denied. The averments as to violations of the First Amendment are conclusions of law to which no responsive pleading is required and are otherwise denied to the extent factual. Subparagraphs a. -d. are also specifically denied. The sole purpose of the issuance of the notice of violation was to act responsibly in the enforcement of the Zoning Code and to treat residents equally where there is evidence of a business being operated on the property. It is denied that there was any effort or intent to punish plaintiff for speaking about the code violations of Mr. Glass, denied that there was any purpose to punish plaintiff for making Right to Know Requests,

and denied that there was any purpose to punish Mrs. Downs or Mr. Downs in support their of
the campaign for Mayor by Mrs. Downs.   All averments are denied.

53.     Denied; in part admitted in part.  It is specifically denied that there were any false,
weak, trumped-up and frivolous evidence presented by the attorney for the Borough or that there
were such charges presented to the Zoning Board.  It is admitted that the Zoning hearing board
evening meetings occurred over a three day period for a total of approximately 8 ½ hours with
part of day two and all of day three being plaintiffs testimony.   It is denied that they were
separate hearings.

54.     Denied as stated.  On the last day of the hearing, the Zoning Board deliberated
and returned with a finding that the Borough did not present sufficient evidence of the charge,
and the decision of the five members who heard the case was unanimous.

## COUNT I

## FIRST AMENDMENT CLAIM

55.     Answering defendants herein incorporate by reference their responses to
paragraphs one through fifty-four as if set forth fully at length.

56.     Denied.  The averments are conclusions of law to which no responsive pleading is
required.  To the extent factual, all claims are specifically denied.  On the contrary, the Borough
acted in good faith and for the proper purpose of enforcing the zoning code and all claims of
retaliation and the alleged motivation for such as alleged by the plaintiff is unfounded and
untrue.

57.     Denied.  The averments are multiple erroneous, unfounded conclusions of law to
which no responsive pleading is required.  Causation and the alleged unspecified damages said to
have resulted are denied and deemed at issue.

12

58.     Denied.  The averments are erroneous, unfounded conclusions of law to which no responsive pleading is required.

59.     Denied.  The averments are erroneous, unfounded conclusions of law to which no responsive pleading is required, and to the extend deemed factual are specifically denied.

60.     Denied.  The averments are conclusions of law to which no responsive pleading is required.  Plaintiff has not alleged whom, if any, of the individual defendants, is said to have made policy or what that policy is, or alleged by what authority the alleged municipal policy arose, who had final authority and what, if any official proclamation, policy or edict resulted.

61.     Denied.  The averments are multiple conclusions of law to which no responsive pleading is required.  No defendant deprived plaintiffs of their freedom of speech rights, they are and were accorded all due process, and all claims are specifically denied.

62.     Denied.  The averments are conclusions of law to which no responsive pleading is required.  Claims of willful, malicious, outrageous and unjustifiable conduct or any other actionable conduct are specifically denied and plaintiff is not entitled to punitive or any other damages.

## COUNT II – ABUSE OF PROCESS -  STATE LAW

63. – 67.     The Court dismissed this Count on March 22, 2019 and no responsive pleading is required.

## COUNT III – CONSPIRACY    - STATE LAW

68.     Answering defendant Locke is the only remaining defendant in this Count following the Court Order of dismissal of Sean Kilkenny by Order of March 22, 2019.  The remaining answering defendant herein incorporates his responses to the averments contained in paragraphs one through sixty-two as if set forth herein fully at length.

69.     Denied.  All averments of false charges and of any conspiracy are specifically denied.  Answering defendant has no information within which to ascertain the truth or falsity of plaintiffs' averments concerning their costs for defense to the zoning code violation which charge was brought in good faith and based upon a genuine assessment of governing law.  Strict proof is demanded at the time of trial.

70.     Denied.  The averments are multiple, erroneous conclusions of law to which no responsive pleading is required.  At all times answering defendant acted in good faith and with the sound objective of doing his duty in enforcing the zoning code equally for all residents.  It is specifically denied that he did so negligently, recklessly or with malice.  Strict proof is demanded at the time of trial.

71.     Denied.  Causation, damages, and losses are specifically denied.  Losses alleged by plaintiffs and damages and injuries alleged are unknown to answering who has no information within which to ascertain the truth of the averments and strict proof is demanded.

72.     Denied.  Defendant Locke is the sole remaining defendant in this Count and the averments in the paragraph are multiple, erroneous conclusions of law to which no responsive pleading is required.  All claims of outrageous, malicious, unjustifiable, willful conduct are alleged and claims for punitive damages have no basis in fact or at law.  Answering defendant at all times acted in good faith and in pursuit of carrying out his official duties.

WHEREFORE, Answering defendants request that the case be dismissed with prejudice and demand judgment in their favor together with costs and attorney fees.

## AFFIRMATIVE DEFENSES OF DEFENDANTS

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under 42 U.S.C. Section 1983 upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

These Defendants' actions conformed to all applicable laws and regulations at all times relevant hereto.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Defendants acted with and pursuant to a bona fide good faith belief that their actions were lawful, privileged, justified and in keeping with their official and proper duties, and are entitled to good faith immunity from liability from any and all claims made by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Council member Defendants are entitled to absolute immunity based upon the doctrine of high public official immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants herein assert all other defenses available to them under the Civil Rights Act of 1870.

## SEVENTH AFFIRMATIVE DEFENSE

All policies, procedures and customs of Defendant Borough are in accordance with all laws, rules, regulations, statutes of the Constitution of the United States and the Commonwealth of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

Answering defendants, at all times, acted in accordance with the law and in reliance on advice of counsel as to the legal evidentiary sufficiency for the code violation issues to plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant Locke asserts all of the defenses, immunities, and limitations of damages available to him under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. Section 8541 et seq., and aver that Plaintiffs' thus fail to state a cause of action as a matter of law as the cause of action is not within the exceptions to the Act and otherwise, defendant Locke is entitled to official immunity under the Act.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any losses that they may have sustained, or will sustain, are due to their own failures and omissions and their own conduct.

## TWELTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to take reasonable measures to mitigate any or all damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from any recovery because they have not suffered any damages or any legally recognizable injury and/or the damages they seek are speculative and not recoverable as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants assert the right to plead and assert additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available.

**WHEREFORE,** the defendants request this Court to enter judgment in their favor and against plaintiffs, together with costs of suit, attorney fees, and other such relief as the Court deems appropriate.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**BY:**     _/s/ Suzanne McDonough_
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No.  29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for Defendants**

17

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Borough of Jenkintown, Debora Pancoe, Richard Bunker and George Locke, hereby states that a true and correct copy of the within Answer to First Amended Complaint with Affirmative Defenses was served upon the following individual via electronically and United States First Class Mail, this 8th day of April, 2019.

William J. Fox, Esquire
1626 Pine Street
Philadelphia, Pa.   19103
Attorney for Plaintiffs

Respectfully submitted,

**HOLSTEN & ASSOCIATES**
*/s/Suzanne McDonough*

**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for Defendants Borough of Jenkintown,**
**Debora Pancoe, Richard Bunker and George**
**Locke**

18