## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. DOWNS; MARGARET A. DOWNS, : | | |
|   H/W | : | Civil Action No.  18-4529 |
|    Plaintiffs | : | |
| | : | |
|   v. | : | |
| | : | |
| BOROUGH OF JENKINTOWN, | : | |
|  DEBORA PANCOE, RICHARD BUNKER | : | |
| AND  GEORGE LOCKE | : | |
|    Defendants | : | |

### RESPONSE OF DEFENDANTS BOROUGH OF JENKINTOWN, PANCOE AND BUNKER TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS

Objection.  Answering defendants object to, and move to strike, the Exhibits 2 through 6 attached by plaintiffs in response to the Summary Judgment Motion and offered in support of their Counterstatement of Facts from individuals, including the two plaintiffs themselves, that are submitted to the Court as "Certifications" from Margaret Downs, Exhibit 2, David Downs, Exhibit 3, Jane McGee, Exhibit 4, Patricia Harte, Exhibit 5 and Fred Gusoff, Exhibit 6, as these documents are not only are and contain hearsay but are not Affidavits or Declarations as contemplated by Rule 56 of the Rules of Civil Procedure governing Motions for summary judgment.

### RESPONSE

1-17.   The Counterstatement of the Facts in these paragraphs are not relevant to the issues in this case concerning whether the Downs had a notice of violation issued against Mr. Downs or notices of property maintenance violations due to Mrs. Downs write in candidacy for Mayor or in retaliation for otherwise exercising their First Amendment rights.  This case does not involve whether or not the neighbors of the plaintiff, Joseph and Christine Glass, operated an impact

business from their home or whether the conflict between the neighbors escalated to a point where the plaintiffs ultimately brought criminal charges against Joseph Glass that were successfully prosecuted resulting in a guilty plea was by Glass to threats in 2018. The Borough cited Glass for the impact business more than once and he was fined as well. The case does not involve whether the Downs were dissatisfied with the Borough Police Department for not arresting Glass upon their complaints. While these allegations illustrate that the Downs family were wholly dissatisfied with the Borough in every respect in the way in which it handled their dispute with their neighbor, the allegations do nothing to further their case against the Borough or the individual defendants for First Amendment Retaliation.

18.     Denied as stated. Joseph and Christine Glass made allegations against the Downs for operating a landscaping business as early as October 25, 2016 which the Borough Manager was unable to substantiate as he did not find evidence of the operation at his inspection.

19.     Denied. Plaintiffs' legal conclusions concerning their complaints to Council about alleged lack of enforcement of the zoning code resulting in any First Amendment violation are denied and plaintiffs have no evidence of such at the close of discovery. Defendants incorporate their responses to paragraphs one through seventeen herein in further response.

20.     Admitted that plaintiffs made numerous Right to know requests some of which are attached to plaintiff's response as Exhibit 15.

21.     Admitted that plaintiffs voiced complaints about the Borough and George Locke concerning their dissatisfaction with the Borough related to the zoning code issue with their neighbor.

2

22.    No response is required as to what the motivation of the plaintiff for running for the position of Mayor as a democratic write in candidate and her motivation is not relevant to this lawsuit.

23.    Admitted that Borough Council were all democrats and that plaintiff ran as a write in democratic candidate against the endorsed candidate.

24.    Denied.  The Exhibit cited, Exhibit 2, is the "Certification of Margaret Downs and is subject to the objection previously stated.  Further, Ms. Curry is not a party and is not part of the Borough of Jenkintown government and statements she did or did not make are not relevant to this case.  Indeed, plaintiff Margaret Downs testified at her deposition that Curry told her that she would be sorry if she ran for Mayor because Dobbs was very popular and would win and offered to groom Downs for a seat on Borough Council.

24.    There are two paragraphs 24.  The second recites information from the "Certification" of David Downs, Exhibit 3, previously objected to, and which delineates his efforts to campaign for his wife and seek to expand his deposition testimony.

25.    Richard Bunker was running for re-election in the same campaign as Margaret Downs and voiced his opposition to her candidacy in the exercise of his own First Amendment Rights. An individual working with Margaret Downs was running a write in campaign against Bunker. (Deposition of Margaret Downs, 152:16-21.  None of the blogs suggest that Bunker spoke on behalf of the Borough or in his role as Vice president and he denied doing such.  Plaintiff's testimony at her deposition was that she believed that Bunker defamed her character during the political campaign in which both of them were running. 151:14-24; 152:1-3.  However, this is not evidence of any First Amendment Retaliation and Plaintiffs' admittedly have no evidence

3

after all discovery in this case concluded that Bunker had any control over, or input into, any decisions regarding the Downs zoning or property maintenance dispute with the Borough or that he was ever involved in any manner with the decision making of Locke in consultation with the Solicitor about the Zoning citation issued to the David Downs.

26-27.   The blog statements of Bunker during the campaign and his testimony about them in his deposition in this case speak for themselves and no not evidence any involvement in the zoning or property making issues or decision making.

28.   It is admitted that Christine Glass made additional complaints about the Downs operating an impact business doing landscaping from their home and provided photographs to the Borough in the summer of 2017.  David Downs's present explanation for his frequent trips from his property with the commercial landscaping equipment are not relevant to the issues in this case as the case does not involve litigation of the zoning code issue but is a First Amendment retaliation case.

29.   Denied as stated. The memo marked as Exhibit 14 speaks for itself and concludes that there was insufficient evidence at that time of the investigation to support a claim made by Mrs. Glass on October 25, 2016 that David Downs was running an impact business.  At that time there were two other complaints by Mrs. Glass submitted, one on September 20 and the next on October 4, 2017 which are also the subject of the same Exhibit 14 referenced by plaintiffs.

30.   Mrs. Glass did make further complaints about David Downs on September 20, 2017 and October 4, 2017 and provided photographic evidence outlined in the report of George Locke contained within Exhibit 14 which illustrated David Downs and his son Ryan involved in landscaping activities with the equipment taken from the home and this did not involve the

4

cousins property in Willow Grove referenced by plaintiff in paragraph 28. Christine Glass is not

a party to this action and allegations as to whether the Downs consider her complaints to be false

are not relevant to this retaliation suit. There is no claim here that Locke or the Borough

solicited complaints from Mrs. Glass or engaged in any conspiracy with her. The Memorandum

from Locke attached within Exhibit 14 was prepared after October 4, 2017 as that is the date

indicated as the date the third Glass complaint was received and the memo speaks for itself.

31.     Exhibit 2 is the unsworn "Certification" of plaintiff Margaret Downs which is not

competent evidence. However, the unrefuted evidence is that the Locke in consultation with the

Solicitor did not issue a notice of violation to the David Downs and that the decision to wait to

take any action until after the election was made so as not to have any influence upon it given

Mrs. Downs candidacy.

33.     Admitted that the meeting was on December 7, 2017 after the election. Exhibits 2 and 3

are the Certifications of Margaret and David Downs which are objected to and should not be

received by this Court as Affidavits or Declarations. Further, the averments here are opinions

and conclusory and not statements of fact relevant to this case. The Notice of Violation speaks

for itself.

34.     None of the averments in this paragraph are contained in the transcript of David Downs

at pages 171 or 172 and the Exhibit 27 referred to by plaintiffs does not contain those pages or

that testimony from David Downs.

35.     The letter of plaintiff's attorney dated December 18, 2017 speaks for itself and does not

make the statements alleged by plaintiffs in this paragraph. Rather it states that the Downs were

and always had been in compliance with "permitted uses" and states that the violation notices in September and October were issued to hinder the Downs rights to dissent.

36.     Denied.  The Exhibit referred to by plaintiff is a letter from Solicitor attorney Anthony Ciuca, Esq. dated December 21, 2017 but it does not contain the averments made in this paragraph by plaintiffs.  The letter simply states that the violation was provided to the Downs, attaches a copy, and advises that an appeal to the Zoning Hearing Board must be filed no later than January 6, 2018. Despite notice of the appeal deadline, the Downs failed to appeal which resulted in the issuance of the citation to Magistrates Court for enforcement at which their counsel then argued that the Violation notice did not give them notice of the applicable time period for an appeal to be taken.  This caused the citation to be dismissed by the Court and a new notice for the same violation to be issued with the time for the appeal clearly stated within the notice itself, and which was the subject of a timely appeal by the Downs at which they were ultimately successful.

37.     Exhibit 8 referred to by plaintiffs is selections from the deposition of Laurie Durkin and no such testimony is contained therein and no such page numbers.  The deposition of plaintiff Margaret Downs is Exhibit 28 and the only reference to the content of this paragraph is found in pages 138:22-145:15 in which plaintiff relates what she believes that Belinda Hull told her about a meeting she had with Anne and Debora when she was informed on behalf of the Jenkintown Democratic party that she was not being reappointed to the Zoning Hearing Board.  This is entirely hearsay testimony and Margaret Downs deposition testimony does not support the claim that Deborah Pancoe told Hull that she was not going to be reappointed because she supported Downs and rather says Hull told her she could not recall who told her or that Downs herself could not recall what Hull told her.  Hull is not a witness in this case and has submitted no

Affidavit or Declaration or Affidavit, and even if she had, it would not support plaintiff's claims in this case.  Exhibit 2, previously objected to as not being an Affidavit or Declaration under oath is an effort on the part of Downs to change her testimony as to the hearsay that she offered at her deposition and now claim that it was Pancoe who told Hull that she was not being reappointed in December of 2017 because she supported Downs candidacy.  This evidence is incompetent because in Certification as well as because it is hearsay offered both at the deposition and within the "Certification."   There is no Exhibit 8 containing Debora Pancoe's deposition testimony.

38.   The averments are not statements of fact and do not support a claim that the Downs were David Downs and his son were not operating an impact business.  There was photographic and other evidence of what was believed to be the operation of the business in the possession of Locke and the Solicitor.  It is denied that Kilkenny testified that it was Jenkintown's' practice not to issue notices where a resident who stopped violating the Code was issued a notice.  Rather, the testimony was that the decision was made based upon the totality of circumstances and there was no testimony given about practice.

39.   Admitted in part.  What is stated is part of the testimony of Kilkenny on this issue but omitted is the further testimony that the Downs used to be paid for cutting Kilkenny's lawn twice a week up to 2015 and thereafter in 2016 he saw the truck with the equipment on it but did not see what houses it was in front of.  (Deposition of Kilkenny defense Exhibit to MSJ, R(S) N.T. 21:19-25; 22:1-3.)

40.   The letter dated January 9, 2018 speaks for itself.

41.     Denied as stated.  The letter dated January 9, 2018  indicates that the Downs are not operating a "commercial business" and indicates that at that time of year no grass cutting would be occurring.

42.     The self-serving statements of the plaintiffs contained in their "Certifications" 2 and 3 are not competent evidence and there is no evidence that individual Council members ever met with residents about zoning issues and all evidence is to the contrary and that Locke and the Solicitor were the only two involved in the Zoning issues.

43.     Denied.  There was no policy testified to by Locke who indicated that the first notice to the Glasses they included a provision for them to comply and he did but with the Downs they met with them and they continued to insist that they did not operate an impact business and that this is why he told them to file the appeal from the violation notice.  (Locke, Exhibit 7).

44.     Admitted.

45.     Exhibit 2 is the unsworn "Certification" of Margaret Downs which is improper evidence and should not be considered.   Further to the extent considered, the allegations are denied as stated.  The record evidence indicates that the citation was dismissed as plaintiff's counsel argued that they had not received notice of the time period within which they had to appeal and so the citation resulting in the enforcement proceeding was based upon a facially defective Notice of Violation which the Court dismissed and the notice was thereafter re-issued with the time period for the appeal stated within it.  As to the proposed resolution, is based upon hearsay evidence from the Downs former attorney Yanoff and an unidentified Borough Solicitor.

46.     Admitted.

47.     Admitted that an appeal was filed and that the evening meetings for the appeal were over a three day period in May and July of 2018 after which the Board voted in favor of the Downs finding that the Borough did not meet its burden of proof and the evidence was insufficient. See Board Opinion and Order attached to defense MSJ at Exhibit M.  There was no finding of exoneration in the decision or Order.

48. Denied.  There is no such evidence in this case and the evidence is completely to the contrary that it was ultimately Locke's decision to issue notices/citations after consultation with the Solicitor on the legal issues.  Former Councilwoman Durkin, who sided with Downs on the Glass issues, testified that it was Locke's decision alone as to whether to issue citations, but in her opinion, he relied upon advice from Pancoe and the Solicitor but she testified that she left council in November of 2016; thus she was not on Council at any time relevant to the Downs notice or citations referenced in this case as retaliatory.  (Deposition of Durkin attached as Exhibit S (T) to defense MSJ at N.T. 30:8-10; 57:10-59:9).

49.     Denied.  Durkin offered testimony as to her own personal opinions while she was on Council for a period that ended in November of 2016. Her beliefs about the Zoning Code and how it should be enforced are not relevant to the issues in this case she has no training in zoning enforcement or any competency to determine zoning issues.

50-51. Durkin was heavily involved with the Downs and others about the Glass zoning issues, and as a sitting Councilwoman inappropriately hosted a neighborhood meeting about the Glass issues prior to her resignation from council.  Durkin was involved in the action group for write-in candidates with Downs and was opposed to the re-election of Bunker.  (Deposition of Durkin attached as Exhibit S (T) to defense MSJ at N.T.N.T. 79:15-83:4).

52.   Durkin's testimony speaks for itself and the personal opinions of the former Councilwoman who was part of the write in group to challenge the endorsed candidates commending on legal opinions of the Solicitor and the code interpretations of the Solicitor and the Zoning Officer with respect to the Glass issues are not facts to be stated in opposition to a summary judgment Motion.

53.   Ms. Durkin's answer to a question objected to in which she offered her opinion as to whether Pancoe and/or Kilkenny and Locke as a group were not happy with her because she supported the Downs and neighbors in the Glass matter is not a fact on a disputed issue relevant to a determination upon summary judgment where, as here, Durkin was not even on Council at the time of the Downs zoning dispute with the Borough.

54.   Admitted that in November of 2016 Durkin resigned from City Council.  She had been removed from the Chair of the Business, Zoning and Real Estate Committee by Council President Pancoe that same month which removal is not related to any dispute that the Downs had with their own zoning issues.  This was all well before Margaret Downs decided to become a write in candidate in September of 2017 and is irrelevant to the issues in this case.  Debora Pancoe testified at length as to the reasons Durkin was removed as Chair at her deposition attached as Exhibit P(Q) to the MSJ of defendants.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**Date:** 12/31/19

*/s/ Suzanne McDonough*
_____

**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney for Defendants, Borough of**
**Jenkintown, Debora Pancoe, Richard Bunker**
**and George Locke**

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Borough of Jenkintown, Debora Pancoe, Richard Bunker and George Locke state that a true and correct copy of the within Response of Defendants to Plaintiff's Counterstatement of Facts in Opposition to Defendants Motion for Summary Judgment **was** served upon the following individual electronically this 31st day of December, 2019.

William J. Fox, Esquire
1626 Pine Street
Philadelphia, Pa.   19103
Attorney for Plaintiffs

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

*/s/ Suzanne McDonough*
_____
**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for above-named moving Defendants**
**Borough of Jenkintown, Debora Pancoe, Richard**
**Bunker and George Locke**

12