## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID B. DOWNS and MARGARET A.** | **:** | |
| **DOWNS, H/W,** | **:** | **Civil Action No.  18-4529** |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **BOROUGH OF JENKINTOWN, ET AL,** | **:** | |
| **Defendants.** | **:** | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiffs' Motion for Reconsideration of the Grant of Summary Judgment to Defendants, Borough of Jenkintown, Deborah Pancoe and Richard Bunker and Defendants' response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion for Reconsideration is DENIED.

**BY THE COURT:**

.

_____

**DuBOIS, JAN E., J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID B. DOWNS and MARGARET A. | : | |
| DOWNS, H/W, | : | Civil Action No.  18-4529 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF JENKINTOWN, ET AL, | : | |
| Defendants. | : | |

**DEFENDANTS, BOROUGH OF JENKINTOWN, DEBORAH PANCOE AND RICHARD BUNKERS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE GRANT OF SUMMARY JUDGMENT TO THE BOROUGH OF JENKINTOWN, DEBORAH PANCOE AND RICHARD BUNKER**

Defendant, George Locke, through his attorneys Holsten & Associates, by counsel, Suzanne McDonough, Esq., submits this response in opposition to Plaintiffs' Motion for Reconsideration of this Court's Order of May 22, 2020 that granted summary judgment to the Borough, Pancoe and Bunker on Plaintiffs' remaining federal First Amendment Retaliation claim.  The Defendant respectfully requests that this Court enter an Order denying the Motion and submits the following in support thereof in response:

**I.      BACKGROUND**

Plaintiffs request reconsideration of this Court's Order of May 22, 2020 granting Summary Judgment to the Borough of Jenkintown, Council President, Debora Pancoe and Councilmember Richard Bunker on the municipal liability claim against the Borough and the individual capacity claims against Pancoe and Bunker.  On behalf of defendant Borough and defendants Pancoe and Bunker, the Motion for Reconsideration should be denied.

## II.    STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, reconsideration is appropriate if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have [been] fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).  A party's dissatisfaction with a Court's ruling is not a proper basis for reconsideration either and is not an opportunity for a party to request that the Court rethink the case.  Jarzyna v. Home Properties, L.P. 185 F.Supp.3d 612 (E.D. 2016); In re Blood Reagents Antitrust Litig., 756 F. Supp.2d 637, 639 (E.D. 2010).

It is manifestly clear from the style and content of the motion for reconsideration that Plaintiffs harbor a deeply disturbing animosity against the Borough through this case against two of its elected officials, Council President Pancoe and Vice President Bunker.  However, they still are unable to cite to any evidentiary support for their conclusions that the issuance of the notice of violation under the Zoning Code was directed by Pancoe or Bunker, or retaliatory due to Mrs. Down's write-in candidacy for Mayor against the endorsed candidate or any other First Amendment activity.  There is no new law cited that would warrant a second look at the decision

as to these defendants or a misinterpretation of existing law. There are no material facts brought

forth that the Court misinterpreted or failed to consider that would manifest clear error.

In response to the categories of trial court error alleged by the Plaintiffs, the defense

offers the following response:

**A.** **THE COURT CORRECTLY APPLIED THE SUMMARY JUDGMENT STANDARDS**

**1.** **Claimed Error based upon the Court failing to determine that the Downs did not operate a business.**

In the Motion for Reconsideration, Plaintiffs believe that, in determining summary

judgment in the political retaliation case against the Borough and elected Officials, that the Court

erred because the Court was obligated to decide that the Downs were not operating an impact

business while their neighbors, the Glasses, were doing so, and thus would have to conclude that

the Glass complaints against the Downs for operating a business were bogus and retaliatory.

Assuming that to be the case, the Plaintiffs believe the Court needed to go further in this

syllogism than would be logically sound so as to infer that the Borough and elected officials,

Pancoe and Bunker, then retaliated against Plaintiffs and that this was due to Margaret Downs'

candidacy for Mayor. There is no new or different evidence offered or any precedent cited that

the Court misinterpreted any evidence, only general dissatisfaction expressed with the Court's

decision, that certainly is not a basis for reconsideration.

**2.** **Claimed Error based upon the Court not considering or acknowledge plaintiffs difficulties with the Glasses**

Plaintiffs also argue as a basis for reconsideration that the Court failed to consider the

nature and extent of the Downs' difficulties with the Glasses and the failure of the Borough to

provide them with protection from their neighbors and that this alleged failure to protect

evidences clear animus toward Plaintiffs. Plaintiffs theorize that the failure of the Jenkintown

Police Department to enforce the criminal code against Glass "correlates to retaliation" that Plaintiffs experienced with Defendants in dealing with the zoning issues.  From there, in a quantum leap in logic, Plaintiffs claim Court error in failing to infer that, in light of this failure to protect and alleged police failure to enforce, that the Borough and elected officials Pancoe and Bunker retaliated against Plaintiffs because of Margaret Downs' run for political office in issuing the zoning notice.  While it is clear from the argument that Plaintiffs harbour hostility toward the Borough and its elected Officials, their citation to the criminal matters and the documents they produced involving Glass does not advance Plaintiffs' First Amendment claims against the Defendants or provide any basis for reconsideration of the Court's Order.

### 3.   Court failure to identify admissions of Locke in Memorandum of October 11, 2017

Plaintiffs propose that, because Council President Pancoe requested that George Locke hand deliver the notice of violation to Downs, that this is an evidentiary admission that she was involved in the decision to issue it in the first place, and that because Pancoe doesn't recall giving that specific instruction, this issue of credibility is a jury question.  Again, faulty logic is employed in an effort to tie Pancoe to the decision to issue the notice of violation when there is no evidence to support that theory and all the evidence is to the contrary.  The fact that Plaintiffs interpret the decision to hand deliver the notice at the meeting rather than through mail, as an act of intimidation planned by the Defendants,  is a simply ludicrous conclusion which Plaintiff takes even further by claiming that there is then a reasonable conclusion that the action to issue the notice was retaliatory and by Pancoe.

**4.      Court overlooking Bunker's Admissions of Animus toward Plaintiffs
and Consent/Participation in decision to falsely cite Plaintiffs**

Nothing argued or cited concerning Bunker in the Motion to reconsider provides any

basis for the argument that he was involved in, or participated in, the decision to cite the Downs

for running the impact business as Plaintiffs allege.  Clearly, Plaintiffs have no evidence of any

kind that Bunker was ever involved in the decision.  To cite to social media posts after the fact

by Bunker reveals no evidence that he was involved in the decision making or even agreed with

it.  Plaintiffs claim that "Pancoe, Locke and Bunker engaged in a clear sham to pretend that

Plaintiffs were violating the code so that they could punish and punish and punish the Downses"

is the same angry rhetoric used throughout this case to substitute for evidence and lends nothing

to the request for reconsideration.

**5.      Court error in dismissing testimony of Laurie Durkin and other
Evidence of Pancoe involvement in retaliation\**

The Court did not err in discounting any evidence of Durkin as she was unable to offer

any relevant evidence concerning who was or was not involved in the issuance of the notice of

violation to Downs and she left Council sometime before the issue arose.  Durkin's belief that

Locke was "heavily advised" by Pancoe and Kilkenny while Durkin was on Council may be her

opinion, but certainly her belief is not evidence that Locke issued the citation at the direction of

Pancoe as Plaintiffs alleged and for which they failed to offer a scintilla of proof.  Certainly, the

argument concerning Durkin could not support a Motion to Reconsider.

**6.      Court alleged Misunderstanding of Abatement Issue and Pancoe and
Bunker Wanted Plaintiffs cited No Matter What**

Plaintiffs argue that Pancoe and Bunker "were in on the retaliation from the beginning as

it relates to whether a meeting should take place to hear Plaintiffs address the false allegations

that they were operating an impact business."  For this conclusion, Plaintiffs cite to a Bunker e-

mail in which he asked if a meeting was normally held in such situations, to which Solicitor

Kilkenny responded, and also cite to an e-mail between Locke and Pancoe in which she asks if

Locke is meeting with the Solicitors and whether he wanted any support from Council regarding

the case, an offer that he declined.  On the one hand, Plaintiffs argue that this is evidence that

Pancoe and Bunker were involved in the decision when no reading of the e-mails could lead to

that conclusion, then Plaintiffs go on to argue that they should have taken action stating "Why

did they not direct Locke not to issue the Notice when they knew the Plaintiffs were not

operating an impact business."  The circuitous argument hardly is evidentiary proof of retaliation

or personal involvement in the decision making, and surely provides no basis for reconsideration.

Plaintiffs argument that Pancoe's request to Locke and also the Solicitors request  to hold off on

issuing the citation to the Downs until after the election further cannot be interpreted as "control

over the zoning process" as alleged by the Plaintiffs.   Plaintiffs' assertion that asking for the

delay equals Pancoe directing Locke to issue the notice to the Plaintiffs is clearly flawed logic.

>     **7.     The Court allegedly erred By Determining The Facts Regarding the
>             Property Maintenance In favor of Defendants.**

Plaintiffs appear to argue that because Code Inspector Lynch issued property violation

notices to the Downs in writing that that this should have prevented summary judgment for the

Borough and Councilmembers and somehow should have been interpreted against the

Defendants.  The argument does not offer any new information other than the continuing

position of the Downs that they did violate the Code.  This is not a valid basis upon which to

premise a request for reconsideration.

8.    **Locke allegedly Binds Pancoe, Bunker and the Borough by Stating that "We" Look for Voluntary Compliance**

Plaintiffs believe that because Locke used the colloquial "we" when referring to how the Code was enforced in the Borough that this must mean that his testimony that he acted alone in making the decision about whether the notice of violation would be issued for Downs is false and that the jury would not believe he acted alone.  Plaintiffs have simply restated paragraphs 48 through 54 from their Counterstatement of the Facts to argue that the Court was in error for not adopting former Councilwoman Durkin's beliefs, formulated while she was on Council, about Locke to equal proof that Locke did not act alone and acted at the direction of Pancoe with regard to the zoning notice at issue in this case.  Plaintiffs also leap to an unsupportable conclusion that Pancoe removed Durkin from her position as Chair of a Committee because of her support for enforcing the zoning code against the Glasses when, rather, the testimony was that Durkin was having meetings in her home privately with Downs and other community members about the Glasses that resulted in the change.

Plaintiffs' belief that Durkin's evidence can establish habits and practices of Pancoe and then go on to substitute for evidence of personal involvement in the allegedly retaliatory notice of violation in order to establish a constitutional violation defies the Rules of Evidence. Plaintiffs cite no case precedent in support of such an argument based on habit.   Similarly, the argument that Pancoe informed Brenda Hull that she would not be reappointed to the Zoning Board because she supported Plaintiff for Mayor is not based on any evidence in this case and, rather, Pancoe testified that she was concerned that Hull was using the neighbors' Zoning dispute while campaigning and while on the Zoning Board and that it was another Councilmember, not Pancoe, who did not want to reappoint Hull because of her lack of support for the endorsed party

candidates. Any decisions with respect to Hull provide no evidentiary support for any claims in this case, circumstantial or otherwise.

      **B.**      **THE COURT DID NOT ERR IN DETERMINING THAT PANCOE AND BUNKER WERE NOT DECISIONMAKERS**

Plaintiffs theorize that because Locke agreed to the postponement of the issuance of the notice of violation until after the election, this is evidence of participation in the decision to issue the notice of violation to begin with by Pancoe and/or Bunker. Once again, forced and illogical analysis leads to an incorrect conclusion. The same is true about whether and when a meeting would be held with Downs. Plaintiffs musing that Locke and Solicitor Kilkenny never intended to meet with the Downs to attempt to remediate violations, and that Pancoe and Bunker knew this because everything was fabricated to begin with, is simply not evidence. Plaintiffs' misguided belief that Pancoe and Bunker controlled Locke in his function as Code Officer and Zoning Code Official persists despite all evidence that he had the power and ability and solely made decisions under the Code, seeking only guidance by the Solicitor on legal issues and sufficiency of evidence for the prosecution of matters under the Code. Plaintiffs' baseless theories and speculations about Pancoe and Bunker are made up out of whole cloth and certainly not based on evidence which is what the Court's Opinion was properly based upon.

Plaintiffs' argument that summary judgment should be denied Jenkintown because Locke is a Borough policymaker also fails. In support of the newly asserted argument, plaintiffs cite to the Borough Code for the duties of the Borough Manager, which duties were not at issue here. Generally, there are three potential scenarios when a municipality may be liable for the torts of an employee under Monell: 1. If a municipality's employee acts "pursuant to a formal government policy or a standard operating procedure long accepted within the government entity;" 2. "[W]hen the individual has policy making authority rendering his or her behavior an

act of official government policy;" and 3. "[I]f an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes." Jett v. Dallas Independent School District, 491 U.S. 701, 737 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 480–81 (1986) (plurality opinion).  Here, Plaintiffs premise their argument on the single decision of Locke in this case so it is only the second scenario at issue. First, Plaintiffs need proof that Locke was a policy maker and then tie it to the issuance of his decision. "A policy may be made only when a policymaker issues an official proclamation or decision." Hernandez v. Borough of Palisades Park Police Dep't, 83 F. App'x 909, 912 (3d Cir. 2003) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted)).   Under the Borough Code, where the Borough Manager reports to the entire Council as a whole and is not vested with any policymaking authority, the argument fails.  There is no question that Locke was acting in his capacity as Zoning Code Official at the time of all events in this case and that in such capacity oversight of his ultimate function and decision making is through the Zoning Hearing Board and the Courts.  Grimm v. Borough of Norristown, 226 F. Supp. 2d 606 (E.D. Pa. 2002)(Borough Code Official is not municipal policymaker).

Therefore, the Motion for Reconsideration denied in its entirety.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

*/s/ Suzanne McDonough*

BY:   _____
**SUZANNE MCDONOUGH, ESQUIRE**
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-8307

<u>**CERTIFICATE OF SERVICE**</u>

I, Suzanne McDonough, Esquire, counsel for Defendant, George Locke, states that a true and correct copy of the within Defendants Borough of Jenkintown, Deborah Pancoe and Richard Bunker's Response in Opposition to Plaintiffs' Motion for Reconsideration of the Grant of Summary Judgment to the Borough of Jenkintown, Deborah Pancoe and Richard Bunker was served upon the following individual by first class mail this 1st day of July, 2020.

> William J. Fox, Esquire
> 1626 Pine Street
> Philadelphia, Pa.   19103
> Attorney for Plaintiffs

> **HOLSTEN & ASSOCIATES**

> */s/ Suzanne McDonough*
> _____
> **Suzanne McDonough, ESQUIRE**
> **Attorney ID No. 29394**
> **One Olive Street**
> **Media, PA  19063**
> **(610) 627-8307**
> **Attorney for above-named Defendants, Borough of**
> **Jenkintown, Debora Pancoe and Richard Bunker**