UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID and MARGARET DOWNS** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v.   : | CIVIL ACTION |
| : | |
| **BOROUGH OF JENKINTOWN, ET AL.** : | NO. 18-CV-4529 |
| : | |
| **Defendants** : | |
| : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE DECLARATION OF MICHAEL YANOFF FROM
PLAINTIFF'S RESPONSE TO DEFENDANT LOCKE'S
MOTION FOR RECONSIDERATION**

**I.   BACKGROUND**

Defendant Locke filed a motion to strike the Declaration of Michael Yanoff, which was attached to Plaintiff's Response to Defendant Locke's Motion For Reconsideration Of the Court's Order of May 22, 2020, denying summary judgment as to Defendant, George Locke. For the reasons set forth below, Defendant's motion to strike should be denied.

**II.   ARGUMENT**

    **A.   DEFENDANT MISREPRESENTED THE RECORD**

It is well established that this Court has the discretion to allow undisclosed rebuttal witnesses to testify for purposes of impeachment. DCK TTEC, LLC v. Postel Indus., 602 Fed. Appx. 895, 897(3d Cir. Pa. 2015) ("trial courts have the discretion to admit the impeachment testimony of rebuttal witnesses who have not previously been identified.") (citing Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 155-56 (3d Cir. 1995)

In their motion for reconsideration, Defendants misrepresented the proceedings before

Magistrate Judge McHugh as to whether there was an agreement between counsel to reissue the notice of violation.  Plaintiffs have denied and continue to deny that there was an agreement between them and the Borough to reissue the notice of violation.  Because Defendants focused on this issue and misrepresented what occurred at the hearing before Judge McHugh, Plaintiff properly attached the impeachment declaration of Michael Yanoff, Esquire.

The attorney representing the Borough of Jenkintown at the hearing before Judge McHugh was not Patrick Hitchens, Esquire, who is an associate of the Law Offices of Sean Kilkenny.  Jenkintown was represented by Anthony Ciuca, Esquire, who was employed by Kilkenny's Law Offices.  The Court should take note that Defendants never offered any declaration from Mr. Ciuca with regard to what transpired before Judge McHugh.

When a party misrepresents the truth, the other side has the right to offer evidence to impeach  untruthful and unsupported statements.  That is the purpose of Mr. Yanoff's Declaration.  For this reason, Defendants' Motion To Strike should be denied.

## CONCLUSION

For the reasons set forth above, the motion to strike the Declaration of Michael Yanoff, Esquire should be denied.

                                              */s/ William J. Fox*
                                              WILLIAM J. FOX, ESQUIRE
                                              Attorney for Plaintiff
                                              1626 Pine Street                +
                                              Philadelphia, PA 19103

Date:  July 12, 2020

I, William J. Fox, Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing Response To Motion To Strike was served upon counsel for Defendants electronically at the address below:

>Suzanne McDonough, Esquire
>Holsten & Associates
>One Olive Street
>Media, PA 19063

*/s/ William J. Fox*
WILLIAM J. FOX, ESQUIRE

Date: July 12, 2020