IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. DOWNS,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>GEORGE LOCKE,<br>　　　　　　Defendant. | CIVIL ACTION<br><br><br><br><br>NO.  18-4529 |

DuBois, J.                                                                                                         August 7, 2020

**M E M O R A N D U M**

### I. INTRODUCTION

In this First Amendment retaliation case, plaintiffs David and Margaret Downs seek reconsideration of this Court's May 22, 2020 Memorandum and Order with respect to several rulings.  Defendant George Locke seeks reconsideration of those parts of this Court's May 22, 2020 Memorandum and Order concluding that there was sufficient evidence that Locke retaliated against plaintiffs for exercising their First Amendment rights and denying Locke qualified immunity with respect to plaintiffs' First Amendment retaliation claim against him in his individual capacity.  For the reasons set forth below, plaintiffs' motion for reconsideration is denied and defendant George Locke's motion for reconsideration is granted.

### II. BACKGROUND[1]

Locke is the Borough Manager of the Borough of Jenkintown ("the Borough"), where plaintiffs reside.  As Borough Manager, Locke reports to the Borough Council.  In addition to his duties as Borough Manager, Locke also handled "code and enforcement, and zoning matters."

---

[1]　　The facts and procedural history of the case are detailed in the prior ruling of the Court— *Downs v. Borough of Jenkintown*, No. CV 18-4529, 2020 WL 2615620, at *1 (E.D. Pa. May 22, 2020).  In this Memorandum, the Court recounts only the facts and procedural history necessary to explain its ruling.

Locke stated the Jenkintown Zoning Code ("Zoning Code") was a "gray area" and difficult to enforce.

From October 2016 until October 2017, the Borough received at least five complaints from plaintiffs' neighbors—the Glasses—that plaintiffs were operating an impact business in violation of the Zoning Code—a landscaping and lawn mowing business. The Glasses submitted photographs with the complaints that purported to show plaintiffs operating an impact business. Locke testified that, after the Glasses' first complaint against plaintiffs in October 2016, but before their second complaint in September 2017, Magisterial District Judge Elizabeth McHugh, in an oral ruling in a case involving the Glasses, expanded the definition of an impact business under the Zoning Code so as to include a broader range of activities. Jenkintown Borough Solicitor Sean Kilkenny testified that he was "personally present" when Judge McHugh announced that ruling. Kilkenny Dep. 49:23-50:10.

Locke sought legal advice from Solicitor Kilkenny, on the question of whether the evidence against plaintiffs was sufficient to issue a Notice of Violation to them for operating an impact business in violation of the Zoning Code. Locke provided Solicitor Kilkenny with the evidence—including photographs—on the question whether plaintiffs operated an impact business. Kilkenny testified that he advised Locke that "he had a reasonable basis" to issue the Notice of Violation "based on the evidence and based on Judge McHugh's version of how she was interpreting the Code." Kilkenny Dep. 49:23-50:7. Locke followed Solicitor Kilkenny's legal advice and issued the Notice of Violation to plaintiffs on December 7, 2017.

At a hearing on March 26, 2018, Judge McHugh determined that the Notice of Violation issued to plaintiffs was defective because it did not include the date by which the plaintiffs were required to file any appeal to the Zoning Hearing Board. As a result, Locke issued a second

Notice of Violation to plaintiffs. Plaintiffs appealed the second Notice of Violation to the Borough Zoning Hearing Board, which issued a decision in plaintiffs' favor and vacated the second Notice of Violation.

Plaintiffs filed a Complaint in this case on October 23, 2018. On December 10, 2018, plaintiffs filed an Amended Complaint against the Borough; Jenkintown Borough Solicitor Kilkenny; Debora Pancoe, Borough Council President; Richard Bunker, Borough Council Vice President; and George Locke, the Borough Manager (Document No. 4). The Amended Complaint asserted three claims: (1) First Amendment retaliation pursuant to § 1983 against all defendants (Count I); (2) state law abuse of process against Solicitor Kilkenny and Borough Manager Locke (Count II); and (3) state law conspiracy against Solicitor Kilkenny and Borough Manager Locke (Count III). First Am. Compl. ¶¶ 9-12.

By Memorandum and Order dated March 22, 2019, the Court granted in part and denied in part defendants' motion to dismiss. The Court dismissed: (1) the First Amendment retaliation claim (Count I) against defendants Pancoe, Bunker, and Locke in their official capacities; (2) the state law abuse of process claim (Count II) against defendants Kilkenny and Locke; and (3) the First Amendment retaliation (Count I) and state law civil conspiracy (Count III) claims against defendant Sean Kilkenny in both his official and individual capacity. Following the Court's ruling, the remaining claims in the case were: (1) the First Amendment retaliation claim against Pancoe, Bunker, and Locke in their individual capacities (Count I); (2) the First Amendment retaliation claim against the Borough (Count I); and (3) the civil conspiracy claim against Locke in his official and individual capacity (Count III).

On November 15, 2019, defendants moved for summary judgment on all remaining claims (Document No. 19). Plaintiffs responded on December 20, 2019 (Document No. 25). By

Memorandum and Order dated May 22, 2020, the Court granted in part and denied in part defendants' motion for summary judgment.  The Court granted defendants' motion with respect to (1) the First Amendment retaliation claim against Pancoe and Bunker in their individual capacities (Count I); (2) the First Amendment retaliation claim against the Borough (Count I); and (3) the civil conspiracy claim against Locke in his official and individual capacity (Count III).  The Court denied defendants' motion for summary judgment with respect to the First Amendment retaliation claim against Locke in his individual capacity.  With respect to that claim, the Court concluded that plaintiffs had produced sufficient evidence that Locke retaliated against them because of their exercise of First Amendment rights.  The Court also concluded that Locke was not entitled to qualified immunity on plaintiffs' First Amendment retaliation claim, in part, because there was genuine dispute of material fact with respect to Locke's reliance on the advice of counsel.  That determination was based on the fact that Solicitor Kilkenny's advice to Locke relied on the prior ruling of Judge McHugh—a ruling plaintiffs claimed did not exist.

On June 4, 2020, Locke filed a motion for reconsideration requesting that the Court reconsider its prior decision with respect to plaintiffs' First Amendment retaliation claim against him (Document No. 36).  Plaintiffs responded on June 18, 2020 (Document No. 38).[2]  That same day, plaintiffs filed a motion for reconsideration of several prior rulings (Document No. 39).  Locke responded on July 1, 2020 (Document No. 40).  The motions are thus ripe for decision.

### III.   LEGAL STANDARD

"Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly."  *Roofers Local No. 30 Combined Pension Fund v.*

---

[2]    Plaintiffs attached a declaration of Michael Yanoff, Esquire, dated June 18, 2020 in support of their response to defendant's motion for reconsideration.  Pl.'s Resp. Ex. A.  Defendant moved to strike Yanoff's declaration.  Def.'s Mot. Strike (Document No. 41, filed July 3, 2020).  Because the Court does not rely on this exhibit in adjudicating the parties' motions for reconsideration, defendant's motion to strike is denied as moot.

*D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011). Only three situations warrant granting reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The moving party has the burden of establishing one of these grounds. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The grant or denial of reconsideration lies within the discretion of the district court. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The scope of a motion for reconsideration is "extremely limited" and should not be used to relitigate the case. *Blystone*, 664 F.3d at 415. A motion for reconsideration "addresses only factual and legal matters that the Court might have overlooked." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what it already thought through—rightly or wrongly." *Id.* (citation omitted).

## IV. DISCUSSION

Both parties moved for reconsideration of this Court's May 22, 2020 Memorandum and Order that granted in part and denied in part defendants' motion for summary judgment. The Court will address each motion in turn.

### A. Plaintiffs' Motion for Reconsideration

First, plaintiffs assert that the Court made numerous factual and legal errors in its May 22, 2020 Memorandum. Specifically, plaintiffs argue that the Court:

- Failed to determine that plaintiffs did not operate an impact business;
- Failed to determine that the Glasses were operating an impact business;
- "[D]id not acknowledge and/or failed to consider the nature of plaintiffs difficulties with the Glasses and the failure of the Borough to provide

5

> protection—which demonstrates clear animus toward plaintiffs[;]"
> - "[F]ailed . . . to identify the admissions contained in Locke's October 11, 2017 Memorandum to [the] Council[,] which would have led to the obvious inference that Locke did not act independently when issuing the Notice of Violation and Citation to Plaintiffs[;]"
> - "[O]verlooked Defendant Bunker's admissions of animus toward plaintiffs and his consent/participation [in] the decision to falsely cite plaintiffs for zoning violations[;]"
> - "[C]ommit[ted] error by dismissing the testimony of Laurie Durkin and other evidence of Pancoe's direct involvement in the retaliation[;]"
> - "[E]rred by not considering in its Decision the material fact that Pancoe had directed Locke not to issue the Notice of Violation before the election[;]"
> - "[M]isunderst[ood] the abatement issue and failed to determine that Pancoe and Bunker wanted plaintiffs cited no matter what[;]"
> - "[C]ommitted an error by determining the facts regarding the property maintenance errors in favor of defendants[;]"
> - Erred by not giving adequate weight to Locke's statement that "we" look for voluntary compliance;
> - "[M]ade an error of law in determining that Pancoe and Bunker were not decision makers."

Pls.' Mot. Recons. at 3-28.

The Court thoroughly considered—and rejected—plaintiffs' arguments in its prior opinion. This part of plaintiffs' motion for reconsideration merely disagrees with the Court's conclusions and attempts to re-argue those issues. However, "[t]he [plaintiffs'] 'mere disagreement' with the Court's [prior] decision is not grounds for reconsideration." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016); *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008) ("A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process."); *see also In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 639 (E.D. Pa. 2010) (DuBois, J.) ("[A] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.").

With respect to their municipal liability claim against the Borough, plaintiffs argue that the Court "made a manifest error of law by determining that Borough Manager Locke did not

6

possess 'final authority to establish municipal policy' with respect to the actions he ordered, namely to issue notices of violations and citations." Pls.' Mot. Recons. at 28. Specifically, plaintiffs argue that the Jenkintown Borough Code, which was not quoted or even cited in plaintiffs' response to defendant's motion for summary judgment or included in the summary judgment record, *id.* at 30, shows that Locke is a policymaking official. Because the Borough Code was not included in the summary judgment record and the fact that it not available through any official source,[3] the Court concluded that it was not "'readily available' such that the Court could take judicial notice of [it]." *Downs*, 2020 WL 2615620, at *12 (quoting *Chirdon v. Borough of Plum*, 92 F. Supp. 3d 360, 365 (W.D. Pa. 2015)); *see also Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 321 (1st Cir. 2004) ("Municipal ordinances and private codes referred to in statutes historically have not been included within this general rule of judicial notice of law. Under traditional rules, even a municipal ordinance must be put into evidence.").

In their motion for reconsideration, plaintiffs for the first time, make reference to the following provisions of the Borough Code in support of their claims: "[t]he powers and duties of administration of all Borough business shall be vested in the Borough Manager," and the Borough Manager is charged with "investigating all complaints regarding Borough services" and "carrying out all policies established by [the Borough Council] and for the proper administration of all affairs of the Borough within the jurisdiction of Borough Council." Pls.' Mot. Recons. at 30-31. The Court disagrees with plaintiffs on the question of whether the newly cited provisions

---

[3] The Court located the Jenkintown Borough Code on the Borough's publicly available website. However, the Court could not verify its authenticity or determine if the version of the Code listed on the website was the version that was in effect during the events of this case.

of the Borough Code establish that Locke had final authority to make municipal policy in connection with the issuance of Notices of Violations of the Zoning Code.

"In order to ascertain if an official has final policy-making authority, and can thus bind the municipality by his conduct, a court must determine (1) whether, as a matter of state law, the official is responsible for making policy *in the particular area* of municipal business in question, and (2) whether the official's authority to make policy in that area is *final and unreviewable*." *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (internal citations omitted) (emphasis in original). "To find that an employee is an official policymaker requires more than a mere showing that the official 'has discretion in the exercise of particular functions.'" *Simonds v. Delaware Cty.*, No. CIV.A. 13-7565, 2015 WL 289974, at *3 (E.D. Pa. Jan. 21, 2015) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986)); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988).

The provisions of the Jenkintown Borough Code relied upon by plaintiffs in their motion for reconsideration do not show that Locke is a policymaker with respect to the zoning code. The relevant provisions of the Borough Code state: "[t]he powers and duties of administration of all Borough business shall be vested in the Borough Manager," and the Borough Manager is charged with "investigating all complaints regarding Borough services" and "carrying out all policies established by [the Borough Council] and for the proper administration of all affairs of the Borough within the jurisdiction of Borough Council." Pls.' Mot. Recons. at 30-31. However, these provisions say nothing with respect to the Borough Manager's power to make policy—they merely show that the Borough Manager is empowered to carry out the Borough Council's policies. *See* Pls.' Mot. Recons. at 30-31. That is not evidence that the Borough Manager is a policymaking official. *See Killinger v. Johnson*, 389 F.3d 765, 771 (7th Cir. 2004)

("The mere authority to implement pre-existing rules is not the authority to set policy.").

Moreover, even if the Court found that Locke had policymaking authority in the area of zoning code enforcement, there is no evidence that Locke's authority in this area was final and unreviewable. *See Hill*, 455 F.3d at 245 ("In order to ascertain if an official has final policy-making authority, and can thus bind the municipality by his conduct, a court must determine . . . whether the official's authority to make policy in that area is *final and unreviewable*."); *see also Chirdon*, 92 F. Supp. 3d at 365-66 (holding that borough manager was not final policymaker for borough in area of public works). As discussed in the Court's prior opinion, Locke reports to the Borough Council, and his decisions with respect to the zoning code are appealable to the Zoning Hearing Board. Indeed, in this case, the second Notice of Violation Locke issued to plaintiffs was appealed to the Zoning Hearing Board and was reversed. Because Locke's decisions with respect to the zoning code are appealable, his decisions are not final and unreviewable. *See Brennan v. Norton*, 350 F.3d 399, 428 (3d Cir. 2003) ("[I]f a municipal employee's decision is subject to review, even discretionary review, it is not final and that employee is therefore not a policymaker for purposes of imposing municipal liability under § 1983.").

Upon reconsideration, based on newly presented argument and citation of authority, and for all of the reasons stated in its initial opinion, the Court reiterates its conclusion that Locke was not a policymaking official for the Borough of Jenkintown in the area of Zoning Code enforcement. Accordingly, the Court denies plaintiffs' motion for reconsideration.

### B. Defendant's Motion for Reconsideration

Defendant Locke argues, *inter alia*, that the Court erred because it failed to adequately consider the testimony of Locke and Kilkenny with respect to Judge McHugh's prior ruling and concluded that there was a genuine issue of material fact with respect to Judge McHugh's prior

ruling.  *See* Def.'s Mot. Recons. at 5-6.  Specifically, Locke argues that there is no genuine issue of material fact with respect to Judge McHugh's oral ruling because he and Kilkenny both testified about Judge McHugh's prior ruling, their testimony was uncontradicted, and as stated by Locke in his motion, there is no additional evidence that can be produced with respect to the ruling—there is no written decision, the ruling was not transcribed, and Locke cannot take Judge McHugh's deposition.  Upon reconsideration, the Court concludes that there is no genuine issue of material fact with respect to Judge McHugh's ruling.

The Third Circuit has stated that "in considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness."  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 271 (3d Cir. 2007); *Garcia v. Newtown Twp.*, 483 F. App'x 697, 699 n.3 (3d Cir. 2012); *Darby v. Temple Univ.*, No. CV 15-4207, 2018 WL 3862087, at *6 n.2 (E.D. Pa. Aug. 14, 2018), *aff'd*, 786 F. App'x 368 (3d Cir. 2019).

In this case, Locke testified that Judge McHugh issued a ruling that interpreted the definition of an impact business under the Zoning Code in a way that encompassed a broader range of activities.  Locke Dep. 52:23-54:2, 140:23-141:24.  Additionally, Solicitor Kilkenny testified that he was "personally present" when Judge McHugh, announced her oral ruling. Kilkenny Dep. 49:23-50:10, 57:6-58:6.  Plaintiffs merely denied this testimony as "not credible and as a conclusions (sic) of law" and argued that "[t]here is no evidence that Judge McHugh Casey (sic) entered such a ruling or changed the manner in which to determine if a resident is

operating an impact business." Pls.' Resp. at 24, ¶¶ 87-89.[4]  Under those circumstances, plaintiffs' simple denial that there was no ruling by Judge McHugh in light of Locke and Kilkenny's testimony is insufficient to create a genuine issue of material fact in response to a motion for summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) (noting that the plaintiff must come forward with affirmative evidence).  Because Locke and Kilkenny's testimony regarding Judge McHugh's prior ruling was uncontradicted, was not inherently implausible, and because there appears to be no other evidence that can be presented on this issue, the Court accepts it.  *See Lauren W. ex rel. Jean W.*, 480 F.3d at 271.  The Court thus concludes that on the present record there is no genuine issue of material fact with respect to Judge McHugh's prior ruling that interpreted the definition of an impact business under the Zoning Code in a way that encompassed a broader range of activities.

Because there is no genuine dispute of material fact with respect to Judge McHugh's prior ruling, the Court must reconsider its prior ruling that Locke was not entitled to qualified immunity based on his reliance on the advice of counsel.  *Downs*, 2020 WL 2615620, at *10-11.

"The test for qualified immunity is objective."  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001).  Thus, "[e]ven if a constitutional right was violated, a [public official] is still entitled to qualified immunity if 'the [official's] mistake as to what the law requires [was] reasonable.'"  *Ginter v. Skahill*, 298 F. App'x 161, 165 (3d Cir. 2008); *Link v. Adamski*, No. CIV.A. 15-819, 2015 WL 6873574, at *8 (W.D. Pa. Nov. 9, 2015).  Where the court has determined that a public official violated clearly established law, that official may still be entitled

---

[4]  In their response to defendants statement of undisputed material facts, plaintiffs cited to the portion of Locke's deposition where he stated that there was no "amendment to the law that . . . changed the manner in which [he] had to enforce the zoning code in Jenkintown.  Pls.' Resp. at 24, ¶¶ 87-89 (citing Locke Dep. 99:12-15).  However, this portion of Locke's deposition does not undermine his testimony about Judge McHugh's prior ruling because he was testifying on the question whether the Zoning Code itself was amended.  *Id.*

11

to qualified immunity if he "claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982); *In re City of Phila. Litig.*, 49 F.3d 945, 961 (3d Cir. 1995) ("[I]f the law was established clearly, the official still may obtain qualified immunity if he claims 'extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard.'"). A public official's reliance on advice of counsel "in certain circumstances [can] rise[ ] to the level of extraordinary circumstances' sufficient to justify a grant of qualified immunity." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1253 (10th Cir. 2003); *York v. Purkey*, 14 F. App'x 628, 633 (6th Cir. 2001); *Kincade v. City of Blue Springs, Mo.*, 64 F.3d 389, 399 (8th Cir. 1995), *cert. denied*, 517 U.S. 1166 (1996); *Davis v. Zirkelbach*, 149 F.3d 614, 621 (7th Cir. 1998), *cert. denied*, 525 U.S. 1121 (1999); *Arsberg v. United States*, 757 F.2d 971, 982 (9th Cir. 1985), *cert. denied*, 475 U.S. 1010 (1986); *see also Kelly v. Borough of Carlisle*, 622 F.3d 248, 255-56 (3d Cir. 2010) (holding "that a police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause[, so long as the officer's reliance was objectively reasonable.]"); *Castle v. Clymer*, 15 F. Supp. 2d 640, 667 (E.D. Pa. 1998) (DuBois, J.) ("Reliance on the advice of counsel is a factor to be weighed in assessing whether a public official is entitled to qualified immunity.").

In determining whether a public official's reliance on advice of counsel constitutes an extraordinary circumstance, courts analyze several factors: "[1] how unequivocal, and specifically tailored to the particular facts giving rise to the controversy, the advice was, [2] whether complete information had been provided to the advising attorney(s), [3] the prominence and competence of the attorney(s), and [4] how soon after the advice was received the disputed

action was taken." *Lawrence v. Reed*, 406 F.3d 1224, 1231 (10th Cir. 2005).  Moreover, even if the legal advice upon which the public official relied on was incorrect, that official is still entitled to qualified immunity.  *See Kelly v. Borough of Carlisle*, 544 F. App'x 129, 136-37 (3d Cir. 2013) (holding that police officer was entitled to qualified immunity because officer's reliance on prosecutor's legal advice was in good faith and objectively reasonable, even though prosecutor's advice was incorrect); *Sueiro Vazquez v. Torregrosa de la Rosa*, 494 F.3d 227, 236 (1st Cir. 2007) ("Even if the [legal] advice [was] wrong or not even within the reasonable range of interpretations . . . that would not itself mean that reasonable officials in the position of defendants would understand that they were acting in violation of plaintiffs' clearly established constitutional rights.").

In this case, Locke stated that the Zoning Code was a "gray area" and difficult to enforce.  Pls.' Counterstatement Facts ¶ 49.  Before Locke issued the Notice of Violation to plaintiffs, he sought legal advice from Solicitor Kilkenny with respect to whether the evidence against plaintiffs was sufficient to issue Notice of Violation.  Locke Dep. 63:8-15, 66:14-17.  Locke provided Solicitor Kilkenny with the evidence on the question whether plaintiffs operated an impact business.  Locke Dep. 66:14-17.  Kilkenny testified that, after reviewing the evidence, he advised Locke that "[Locke] had a reasonable basis" to issue the Notice of Violation "based on the evidence and based on Judge McHugh's version of how she was interpreting the Code."  Kilkenny Dep. 49:23-50:7.  Locke followed Kilkenny's advice and issued the Notice of Violation to plaintiffs.  In sum, the evidence shows that Locke relied on Solicitor Kilkenny's legal advice in good faith, and Locke's reliance Solicitor Kilkenny's advice was objectively reasonable under the circumstances.  Thus, no official in Locke's position could reasonably believe that he was acting unlawfully when he issued the Notice of Violation to plaintiffs in

13

reliance on Kilkenny's advice. *See Ginter v. Skahill*, 298 F. App'x 161, 165 (3d Cir. 2008) (holding officer entitled to qualified immunity based on reliance on advice of counsel because officer "was deliberate in acting in accordance with the law"); *Lee v. Mihalich*, 847 F.2d 66, 72 (3d Cir. 1988) (reversing district court's denial of qualified immunity where Pennsylvania state law was unclear and the defendants "sought the advice of counsel before [acting]," thus "they could reasonably believe that their actions were lawful"); *Quiles v. Vitt*, No. 1:09-CV-580, 2010 WL 5559507, at *12 (M.D. Pa. Dec. 16, 2010) (holding that a public official who acted on advice of counsel entitled to qualified immunity), *report and recommendation adopted*, No. 1:09-CV-580, 2011 WL 65758 (M.D. Pa. Jan. 10, 2011). Accordingly, upon reconsideration based on newly presented argument and citation of authority, the Court concludes that Locke is entitled to qualified immunity with respect to plaintiffs' First Amendment retaliation claim against him in his individual capacity (Count I).[5]

## V. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. Defendant George Locke's motion for reconsideration is granted. The Court thus vacates that part of its May 22, 2020 Memorandum and Order concluding that there was a genuine issue of material fact with respect to Judge McHugh's prior ruling, and denying Locke qualified immunity with respect to plaintiffs' First Amendment retaliation claim against him in his individual capacity (Count I). Locke is entitled to qualified immunity with respect to plaintiffs' First Amendment Retaliation claim against him in his individual capacity (Count I). Accordingly, the Court grants defendants' motion for summary judgment with respect to plaintiffs' First Amendment retaliation claim against Locke in his individual capacity.

---

[5] Because the Court concludes that Locke is entitled to qualified immunity, it will not address whether there was sufficient evidence of retaliation.

Plaintiffs' First Amendment retaliation claim against Locke in his individual capacity was their last remaining claim in this case.  Accordingly, the Court enters judgment in favor of all defendants—Borough of Jenkintown, Debora Pancoe, Richard Bunker, and George Locke—and against plaintiffs, David B. Downs and Margaret A. Downs.